# MASSACHUSETTS AND SOUTHERN CONSTRUCTION COMPANY *v.* CANE CREEK TOWNSHIP.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 112. Submitted November 20, 1894. — Decided December 8, 1894.

Where the object of an action or suit is to recover the possession of real or personal property, the one in possession is a necessary and indispensable, and not a formal, party.

THIS was a suit commenced by the appellant, a citizen of the State of Massachusetts, in the Circuit Court of the United

States for the District of South Carolina, to recover the possession of certain bonds. The defendants were the township of Cane Creek, Lancaster County, South Carolina, a citizen of that State, and the Boston Safe Deposit and Trust Company, a corporation created by and a citizen of the State of Massachusetts, the State of which the plaintiff was a citizen.

The facts as alleged in the bill were that $19,000 of the bonds of the township of Cane Creek, one of the defendants, had been by agreement deposited with the Deposit and Trust Company, the other defendant, to be delivered to the plaintiff when a certain railroad in the township was completed and ready for operation, as shown by the certificate of the engineer of the railroad company, and a majority of the board of county commissioners of Lancaster County, the corporate agent of said township; that the road had been fully completed, but that the commissioners wrongfully refused to sign the required certificate; that the Deposit and Trust Company had no interest in the bonds, and claimed none, and was ready and willing to deliver the bonds whenever it was protected in so doing. The prayer was, first, for process; "second, that pending said suit, and until further order of the court, the said trust company be ordered to deliver and pay over said bonds to the complainant; third, that the said defendant township may be required to specifically perform its aforesaid agreements by assenting to the delivery of said bonds now in the hands of said defendant trust company to the complainant; fourth, that said defendant trust company be ordered to pay over and deliver said bonds to the complainant;" fifth, for further relief. The township defended by a motion to set aside the service of process, by a plea to the jurisdiction of the court, on the ground that one of the defendants was a citizen of the same State as the plaintiff, and a necessary party to the controversy, and by an answer to the merits. The Deposit and Trust Company also filed an answer, which set forth that it had no interest in the bonds, or the debt represented thereby, made no claim for any services in connection therewith, that it was a mere stakeholder, and ready to deliver the bonds whenever protected in so doing. It was agreed by counsel

" that the motion to set aside service and the pleas to the jurisdiction should be heard when the case was tried on its merits without prejudice, the motion not to be deemed as waived or overruled by the pleas and answer, and the pleas not to be deemed waived or overruled by the answer, and for the sake of convenience this agreement shall continue of force for the purposes of this appeal and hearing in the Supreme Court."

The motion to set aside service and the plea were overruled, but upon the merits a decree was entered in favor of the defendants. To reverse this decree the plaintiff appealed to this court, the bond on appeal running only to the township.

*Mr. Samuel Lord* for appellants.

*Mr. Ira B. Jones* for appellee.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The plea to the jurisdiction should have been sustained. The substantial object of the suit was to obtain possession of the bonds. The Deposit and Trust Company was the party in possession, and, although it claimed no interest in the bonds as against the plaintiff and its codefendant, yet possession could not be enforced in favor of the plaintiff except by a decree against it. Where the object of an action or suit is to recover the possession of real or personal property, the one in possession is a necessary and indispensable (and not a formal) party. The case of *Wilson* v. *Oswego Township*, 151 U. S. 56, is decisive on this point. In that case a suit was commenced in a state court in Missouri to recover possession of certain bonds in the custody of the Union Savings Association. There were several defendants, among them one Montague, and an intervenor, Oswego township, who, claiming the bonds, removed the case on the ground of diverse citizenship to the Federal court. Such removal was adjudged to be erroneous, this court holding that " the Union Savings Association, being the bailee or trustee of the bonds, was a necessary and indispensable party to the relief sought by the petition, and that

defendant, being a citizen of the same State with the plaintiff, there was no right of removal on the part of Montague, or of the intervening defendant, the Oswego township, on the ground that the Union Savings Association was a formal, unnecessary, or nominal party."

Further comment is not required. The decree of the Circuit Court must be

*Reversed, and the case remanded, with instructions to sustain the plea, and to dismiss the bill for want of jurisdiction.*