HASSAM PAVING CO. et al. v. CONSOLIDATED CONTRACT CO. et al.

(District Court, D. Oregon. May 4, 1914.)

No. 3818.

1. PATENTS (§ 45*)—NOVELTY—BURDEN OF PROOF.
    The burden of proof rests upon one who assails a patent for want of novelty, and every reasonable doubt should be resolved against him.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 51–53; Dec. Dig. § 45.*]

2. PATENTS (§ 26*)—INVENTION—COMBINATION OF OLD ELEMENTS.
    A combination of old elements may be the result of invention and patentable.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PAVEMENT.
    The Hassam patents, Nos. 819,652, 851,625, 861,650, for a pavement and process of making the same, was not anticipated, nor is it invalid

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for prior use, but discloses novelty and patentable invention, also held infringed.

4. PATENTS (§ 283\*)—INFRINGEMENT—DEFENSES.

That a city, in advertising for bids for paving a street, specified a patented pavement, at the request of the owner of the patent, is not a defense to a suit for infringement in the use of the patented pavement by another, who was the successful bidder.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 448–450, 452; Dec. Dig. § 283.\*]

In Equity.  Suit by the Hassam Paving Company and the Oregon Hassam Paving Company against the Consolidated Contract Company and the Pacific Coast Casualty Company.  On final hearing.  Decree for complainants.

Carey & Kerr, of Portland, Or., and Louis W. Southgate, of Worcester, Mass., for complainants.

Jesse Stearns and John H. Hall, both of Portland, Or., for defendants.

BEAN, District Judge.  The time at my disposal will not permit the formation of an elaborate and exhaustive opinion, and I can do nothing more than state my conclusions briefly.

The suit is brought to restrain infringement of letters patent granted to the complainants' assignor for what is known as Hassam pavement.  The defense rests on the ground that the patents in question are invalid (1) for want of invention or discovery, and (2) that the defendants have a license to use complainants' patent without royalty because the city of Portland, at the request of its agent, specified that the pavement covered by complainants' patent should be used on a certain street in the city, and since the ordinances of the city require that contracts for street improvement shall be awarded to the lowest bidder, and defendant contract company obtained such contract by underbidding its competitors, it is entitled to use the complainants' patent without being liable for infringement thereof.

[1] The granting of letters patent is prima facie evidence that the patentee is the first inventor of the device or discoverer of the art or process described in the patent and of its novelty.  The burden of proof is therefore upon one who assails a patent for want of novelty, and it is said every reasonable doubt should be resolved against him. San Francisco Cornice Co. v. Beyrle, 195 Fed. 517, 115 C. C. A. 426.

The patents in question are for an art or process and the methods of carrying it into effect and making it useful, and for claims laid directly on the pavement itself.  The manner of constructing the pavement, as described in the patents in brief, is: First, covering the subgrade of the street or road with a layer of uncoated broken stone and compressing the same by a heavy steam roller, thus reducing the voids to a minimum.  Second, after the stone has been thus compressed, it is grouted by pouring over it in place a mixture of cement, sand, and water and agitating the same by a steam roller during the process of grouting until the grout flushes to the surface, thus expelling the water and filling up the voids or spaces between the stones with grout.  And,

---

third, applying and compressing a wearing surface of uncoated fine or pea stones while the grout is still fresh and before the cement has had a chance to set or harden, so that the surface material is united to the foundation by the cement grout. The pavement, as thus constructed, is then allowed to stand without use until the cement hardens. The result is the building in the street or road itself of a solid monolith or stone structure, differing in this respect from any other known pavement.

[2] It may be and probably is true that every one of the elements going to make up the complainants' pavement had been employed before in road or street improvements, or in other mechanical ways, but not in the same combination and put together in the same manner as Hassam has combined and arranged them. I am of the opinion, therefore, that the defense of want of novelty is not satisfactorily made out. A combination of old elements may be the result of invention and is patentable. National Tube Co. v. Aiken, 163 Fed. 254, 91 C. C. A. 114; Beryle v. S. F. Cornice Co. (C. C.) 181 Fed. 692; S. F. Cornice Co. v. Beyrle, supra; Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000.

I am unable to distinguish this case in principle from Elizabeth v. Pavement Co., supra, sustaining the Nicholson patent for pavement, or Warren Bros. Co. v. City of Owosso, 166 Fed. 309, 92 C. C. A. 227, holding valid the Warren patent.

[3] The prior patents relied upon as showing an anticipation of the Hassam patent differ materially from those in suit and do not constitute an anticipation thereof. In the Murphy patent there is no provision for rolling the stone foundation before the grouting is applied, no grouting consisting simply of cement, sand, and water, no agitation or disturbance of a previously rolled stone foundation to cause the grouting to fill out the voids and expel the air, and no continuous grouting occupying the voids between the foundation stone and serving to bind the surface layer of small stones to the foundation. Moreover, although the Murphy patent was issued in 1881, there is no evidence that any pavement was ever laid under it. It never came into general or extensive use. It is a mere paper patent and should not be held to invalidate the complainants' patent, which the evidence shows to be in common and extensive use. Robins Conveying Belt Co. v. American Rd. Mach. Co., 145 Fed. 923, 76 C. C. A. 461; Hall Signal Co. v. Gen. Ry. Sig. Co., 169 Fed. 290, 94 C. C. A. 580; Amer. Graphophone Co. v. Leeds & Catlin, 170 Fed. 327, 95 C. C. A. 511. The Bayard, Haggerty, and Warren patents relate to roads or pavement made in part of asphalt, tar, or some bituminous composition, and, so far as I can see, have no substantial bearing upon the patents in question.

The prior publication consists of extracts from encyclopedias, dictionaries, scientific works, and the like, describing various kinds of roads and their construction, and defining some of the elements going to make up the complainants' patent, but they do not describe the complete plant in such a full and intelligible manner as to enable persons skilled in the art to which it relates to make or construct the pave-

ment without assistance from the patent, and are therefore insufficient to invalidate the patents. Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Cohn v. U. S. Corset Co., 93 U. S. 366, 23 L. Ed. 907.

The evidence as to the alleged prior use consists of the oral testimony of the witness Gordon describing, or attempting to describe, some cement pavements or walks which he assisted in laying in England some 40 years ago, and the McClintock experiment. The construction of the pavement described by Gordon differs materially from the process described in complainants' patent, and, moreover, there is no evidence that it has ever been patented or described in any printed publication, and therefore cannot affect the validity of complainants' patents. R. S. § 4923 (U. S. Comp. St. 1901, p. 3396); Westinghouse Mchy. Co. v. Gen. El. Co., 207 Fed. 75, 126 C. C. A. 575. McClintock was the city surveyor of Rochester, N. Y., in 1893. Owing to the unsatisfactory condition of the streets, he asked and obtained permission from the city authorities to try an experiment on one of the streets. The experiment was not satisfactory, but, as McClintock says, "demonstrated that I might have something of practical value, but that I had not carried it far enough or experimented enough at length to demonstrate its practical value." The pavement laid by McClintock was never used elsewhere or tried again. It comes clearly within the category of an abandoned experiment, which is not sufficient in law to anticipate a successful patent. The Cornplanter Patent, 23 Wall. 181, 23 L. Ed. 161; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952; Deering v. Winona Harvester Works, 155 U. S. 285, 15 Sup. Ct. 118, 39 L. Ed. 153; King Co. Raisin & Fruit Co. v. U. S. Consol. S. R. Co., 182 Fed. 59, 104 C. C. A. 499.

[4] The fact that the city of Portland saw fit to specify Hassam pavement for one of its streets at the request of the holder of the patent does not excuse one who underbid the owner of the patent, for an infringement thereof any more than if the owner of a rock quarry should induce the city to specify rock for use in a street of a quality to be obtained only from his quarry would justify the successful bidder in appropriating the rock without paying for it.

Injunction will issue as prayed for, and the cause be continued for an accounting. The same order will be entered in the suit against the Reliance Construction Company.