## IRVIN et al. v. ANTHONY SHOALS POWER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. November 2, 1921. On Petition for Rehearing December 17, 1921.)

### No. 3754.

Corporations ☞556—Removal of causes ☞31—Corporation indispensable party to suit for receiver and sale of its property; corporation and complainant being of same state, jurisdiction was not acquired on removal.

Where part of the relief prayed for in a bill is the appointment of a receiver for a corporation and the sale of its property, the corporation is an indispensable party, whether or not the allegations are sufficient to warrant such relief, and where the complainant and the corporation are citizens of the same state, a federal court cannot acquire jurisdiction of the cause by removal.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit in equity by I. T. Irvin, Jr., executor of the will of J. H. Fitzpatrick, and Mrs. T. M. Fitzpatrick, executrix of the will of T. M. Fitzpatrick, against the Anthony Shoals Power Company and others. Complainants appeal. Reversed.

Horace M. Holden, Stephen C. Upson, and W. R. Jennings, all of Athens, Ga. (Holden, Jennings & Holden, of Athens, Ga., on the brief), for appellants.

T. M. Cunningham, Jr., of Savannah, Ga., Thomas F. Green, of Athens, Ga., and Robert M. Hitch, of Savannah, Ga. (Green & Michael and Erwin, Erwin & Nix, all of Athens, Ga., Hitch, Denmark & Lovett, of Savannah, Ga., and Abit Nix, of Athens, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This suit was a bill in equity filed in the superior court of Wilkes county, Ga., by the appellants, the personal representatives of J. H. Fitzpatrick and T. M. Fitzpatrick, against the appellees, Anthony Shoals Power Company, a Georgia corporation (herein referred to as the power company), Westinghouse, Church, Kerr & Co., a corporation, William Morris Imbrie & Co., John F. Wallace, and others; the appellees other than the power company being nonresidents of the state of Georgia, and the appellants being resident citizens of that state. On the application of Westinghouse, Church, Kerr & Co., William Morris Imbrie & Co., and John F. Wallace, the

suit was removed to the United States District Court for the Southern District of Georgia. That court overruled a motion to remand the case to the state court, holding that the power company was not a necessary party.

The averments of the bill showed the following: In the year 1907 the Fitzpatricks owned all the capital stock (240 shares) of the power company, which owned a water power and several hundred acres of appurtenant land. The Fitzpatricks also owned options on about 9,000 acres of land, so situated as to be of value to the contemplated development of the water power. In 1907 they entered into a contract with the Electric Properties Company, a New York corporation, which afterwards changed its name to Westinghouse, Church, Kerr & Co. (herein referred to as the Westinghouse Company). In pursuance of that contract, the Fitzpatricks transferred to the Westinghouse Company all the stock of the power company, and the options on the 9,000 acres of land, for $28,000. That contract provided for the Fitzpatricks receiving, in a contingency mentioned, a further stated cash sum and also part of the common stock of a new corporation, the organization of which was contemplated. On August 12, 1909, after the options transferred by the Fitzpatricks had been exercised and the 9,000 acres had become part of the holdings of the power company, the Fitzpatricks and the Westinghouse Company entered into another agreement, which provided as follows:

"1. The title to and ownership of the capital stock of the Anthony Shoals Power Company, and through such stock ownership the title to and ownership of all lands, easements and water rights and other property of said company, shall rest absolutely in the Electric Properties Company, and the parties of the second part individually and as executor as aforesaid admit and declare that they are not and that neither of them is entitled to any right or interest therein or in the proceeds thereof except as created by this agreement.

"2. If the said stock or property is sold by the Electric Properties Company for cash, the sum of twenty-eight thousand dollars ($28,000) with interest at six per cent. shall be first deducted from the proceeds and retained by the Electric Properties Company, and the balance divided between the Electric Properties Company and the parties of the second part, in the proportion of actual cash, with interest at six per cent. thereon, theretofore expended by the Electric Properties Company upon or in connection with said stock of the Anthony Shoals Power Company, or upon or in connection with any property acquired for or in connection with the development of the Anthony Shoals Power Company, or otherwise in any manner for any purpose of the enterprise which is the subject of said agreement of January 22, 1907 (less the $28,000 and interest) and seventy-five thousand ($75,000) dollars with interest thereon at six per cent. representing the investment of the Fitzpatrick interests."

The Westinghouse Company expended about $250,000 on account of the property mentioned in the last-quoted clause of that agreement. The interest of the appellants, under said agreement, in a valid sale of said property for anything approaching its market value, would amount to $88,000 or more; said property being worth the sum of $400,000 or more. The appellees claim that the Westinghouse Company, in December, 1918, sold all said stock in the power company to said Imbrie & Co., for a consideration of $42,000, and that a few days thereafter Imbrie & Co. sold said stock to John F. Wallace for a consideration of $50,000. Wallace was president of the Westinghouse

Company when the contract of August 12, 1909, was entered into, and has continued to be an officer of that company. The considerations of said pretended sales were grossly inadequate. Imbrie & Co. were not bona fide purchasers, but acted merely as a go-between or conduit by means of which the Westinghouse Company and Wallace sought to pass the title of said stock from the former to the latter. The bill prayed that the sales whereby the power company stock was put in the name of Wallace be declared fraudulent, null, and void, and that the same be set aside; that the appellees be restrained and enjoined from disposing of the stock or any property of the power company; that said stock and property be placed in the hands of a receiver and sold through such receiver; and that the proceeds of such sale be distributed in accordance with said contract.

The bill asserts the claim that the appellants have a beneficial interest in land the title to and possession of which are in the power company, and the relief prayed includes the sale of that land under the court's order, and the distribution of the proceeds of the sale between the appellants and others. The suit involves more than a controversy in regard to the stock of the power company. The granting of the relief sought involves divesting the power company's title to and possession of land. Such relief is not grantable in a suit to which the power company is not a party. When the object of a suit is to sell property, put the purchaser in possession, and distribute the proceeds of the sale, the one in possession and holding the title to the property is a necessary and indispensable party. Construction Co. v. Cane Creek, 155 U. S. 283, 15 Sup. Ct. 91, 39 L. Ed. 152; Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70; Moloney v. Cressler, 210 Fed. 104, 126 C. C. A. 618. That the bill may not state a case against the power company, or one warranting the appointment of a receiver for its property (as to which no opinion is expressed), involves a decision on the merits of the case and is no reason for holding, in passing on the question of removal, that the power company is not a necessary party to a suit seeking the relief which is sought by the bill in this case. A result of the power company being a necessary party and its citizenship being the same as that of the appellants is that the suit was not removable from the state court, the plaintiffs and a defendant corporation which was a necessary party being citizens of the same state.

The decree is reversed, with direction that the case be remanded to the state court.

## On Petition for Rehearing.

PER CURIAM. The gravamen of the bill in the above-stated case is: That Westinghouse, Church, Kerr & Co., Inc., formerly Electric Properties Company, held the title to, and ownership of, the capital stock of the Anthony Shoals Power Company, and through such stock ownership controlled the title to, and ownership of, all the lands and other property of said company, the title to which was vested in said Anthony Shoals Power Company. That by the contract of Au-

gust 12, 1909, the plaintiffs became entitled to an interest in the proceeds of said stock and properties of said Anthony Shoals Power Company, whenever sold, and that said Westinghouse, Church, Kerr & Co. became trustee to fairly sell said stock, or property, and to distribute the proceeds thereof in accordance with the agreement. That, instead of so doing, Westinghouse, Church, Kerr & Co. made a fraudulent sale of such stock at an entirely inadequate price, and passed the title to said stock through Imbrie & Co. to one John F. Wallace, an officer of said Westinghouse, Church, Kerr & Co., who took it with entire knowledge of the rights of plaintiffs.

The situs of said shares of stock is at the domicile of the Anthony Shoals Power Company. Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647. The bill prays the setting aside of said sale and transfer of said shares of stock to said Wallace. and an injunction restraining the selling or disposing of, or in any manner hypothecating or incumbering, any of said stock, or any of the property the title to which is held by the Anthony Shoals Power Company; that a receiver be appointed to take charge of said stock and all of the property held by the Anthony Shoals Power Company, to carry out said agreement by a sale thereof and distribution of the proceeds. To this bill the Anthony Shoals Power Company, together with Westinghouse, Church, Kerr & Co., and the other parties to said alleged fraudulent sale and transfer, were made defendants.

It is insisted that the Anthony Shoals Power Company is but a formal party to the relief prayed in the bill, and that therefore the case is one removable, although the Anthony Shoals Power Company is a citizen of the same state as plaintiffs. The suit is not one simply for a moneyed recovery against the Westinghouse Company and the other defendants, but is a bill to set up a trust in, and secure its enforcement against, stock, and, on the idea that because of stock ownership the Westinghouse Company could control the action of the Anthony Shoals Power Company, in the property of said company, if sold without a sale of the stock. The bill seeks the setting aside of the sale upon the books of said company of said stock to Wallace and a sale and transfer of said stock in accordance with said agreement.

Even if the bill does not set up the enforcement of an equitable lien against property which has situs within the district where this suit is brought, which is not decided, it unquestionably seeks relief which, if proper, cannot be effectively carried out without either the action of the Anthony Shoals Power Company, or without depriving it of its property, and practically winding it up. That the company itself has no interest in the stock, except to see that it is not improperly transferred upon its books, does not render it merely a formal party. St. Louis & San Francisco Ry. Co. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738, 29 L. Ed. 66.

The petition for a rehearing is denied.