## MATTHEWS v. OLLA STATE BANK et al.

(District Court, W. D. Louisiana, Alexandria Division. March 11, 1926.)

No. 1553.

Courts ⬅➡310—Bank, holding assignment of lease and consideration therefor under escrow agreement, held necessary party to suit for specific performance, and, being citizen of same state with petitioner, federal court has no jurisdiction.

Bank, holding assignment of mineral lease and cash consideration therefor under escrow agreement, is agent for both parties, not mere stakeholder, and is necessary party to assignor's action for specific performance of contract, and, being citizen of same state as petitioner, federal court is without jurisdiction.

Suit by Orin P. Matthews against the Olla State Bank, and another, which was removed from the state court to the federal court. On plaintiff's motion to remand to state court. Motion granted.

Thornton, Gist & Richey, of Alexandria, La., for plaintiff.

W. B. Clarke, of Monroe, La., and Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendants.

DAWKINS, District Judge. Plaintiff brought this suit in the state court for La Salle parish, La., against the Palmer Corporation and the Olla State Bank, in which it alleged that it had assigned to the Palmer Corporation a mineral lease upon 40 acres of land in that parish, for the sum of $8,000 cash; that an escrow agreement had been entered into and deposited with the defendant bank, in which it was agreed that the assignment should be delivered to the Palmer Corporation, and the money paid to petitioners if the title to the property proved good and merchantable, according to abstract to be furnished by plaintiff within five days; that the abstracts were timely furnished, the title was good, and petitioner was entitled to recover of said defendants the said sum of $8,-000.

The bank appeared and admitted that it held the escrow agreement; that both plaintiff and the Palmer Corporation had demanded payment to them of the funds in question, and it stood ready and willing to pay the same to whomsoever might be held entitled thereto; and further that, "in order that this defendant be released from any liability in this matter, it desires to deposit the $8,000, together with the written instruments held by it under the terms of the escrow agreement, in this honorable court, in order that said amount of money may be deposited in the register of said court, to be delivered to whom the court holds is entitled thereto."

The defendant Palmer Corporation removed the case to this court upon the ground of diversity of citizenship and the allegation that the bank was not a necessary party, being merely a stakeholder without interest. Plaintiff has moved to remand, alleging that the bank is in law a necessary party, and, being a citizen of the same state as petitioner, the federal court is without jurisdiction. Whether or not the case shall be remanded depends, therefore, upon the question of whether the bank is a necessary party.

The nature of the suit is in effect one for the specific performance of a contract upon the allegation that petitioner has done all that was required of it, and the bank having made itself a party to the agreement by accepting the terms of the escrow agreement imposing upon it the duty of delivering the assignment and paying the money upon such performance, should be required to comply therewith, and, as between the plaintiff and the Palmer Corporation, he asks in effect that the title be held good and petitioner decreed entitled to receive the money. Under these circumstances, I think the bank is more than a mere stakeholder; it is the agent of both parties, with the duty if the title is good, of delivering the assignment to one and the money to the other; and on the other hand, if the title is bad, by implication at least, of returning the money to the Palmer Corporation and the assignment to the plaintiff.

The bank, although asserting its willingness to deliver the money and papers to those found to be legally entitled to receive them, has not actually deposited them with the court, and it is doubtful whether it could thereby release itself from its obligation to perform and place the responsibility upon the court. If plaintiff should prevail, it would be entitled to a judgment for performance, directing the bank to pay it the money and to deliver the assignment to the Palmer Corporation, but, if not, then to return

the documents to petitioner and the money to the other defendant. The situation is different to what it would have been if the parties had simply entered into a contract to buy and sell, conditioned upon the soundness of the title. In the latter case, the court could order that title be made within a reasonable time and the money paid, and in default that the judgment stand as title; whereas, in the present case, it would merely direct delivery of the assignment already executed by the bank in accordance with its undertaking in the escrow agreement.

I conclude, therefore, that the bank is a necessary party, and that the case should be remanded to the state court, and a judgment will be entered accordingly. Massachusetts & Southern Construction Co. v. Cane Creek Township Co., 15 S. Ct. 91, 155 U. S. 283, 39 L. Ed. 152.