ROCKMORE v. NEW JERSEY FIDELITY &
PLATE GLASS INS. CO. et al.

In re M. C. T. CO., Inc.
No. 207.

Circuit Court of Appeals, Second Circuit.
June 5, 1933.

both of New York City, of counsel), for appellee Alpha Brokerage Corporation.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

The M. C. T. Co., Inc., of which the complainant-appellant is the trustee in bankruptcy, was a New York corporation, and the defendant Alpha Brokerage Corporation was incorporated in the same state. If jurisdiction of the District Court depended on diversity of citizenship, and Alpha Brokerage Corporation was an indispensable party to the suit, jurisdiction was lacking and the bill of complaint was properly dismissed.

The appellant contends that the District Court erred in dismissing the bill because:

(1) Jurisdiction did not depend on diversity of citizenship.

(2) If jurisdiction did depend on diversity of citizenship, there was diverse citizenship between the bankrupt corporation and New Jersey Fidelity and Alpha Brokerage Corporation was only a formal and not an indispensable party.

■ A bankruptcy court may adjudicate conflicting rights to property in the actual or constructive possession of the trustee, either in a summary proceeding or in a suit brought in the United States District Court. While such conflicting rights are ordinarily adjudicated in the bankruptcy proceeding itself, the form of the remedy is not important. Whether the trustee institutes a summary proceeding or a suit in equity, in either event he is invoking a remedy in a bankruptcy court in a controversy arising in bankruptcy proceedings. Central Republic Bank & Trust Co. v. Caldwell (C. C. A.) 58 F.(2d) 721, at page 731; In re Rockford Produce & Sales Co. (C. C. A.) 275 F. 811; Jones v. Blair (C. C. A.) 242 F. 783. In the present case, the trustee has filed a bill in equity to recover property alleged to belong to the bankrupt and to be in the possession of its agents. He asserts that he is vested with title to and is in constructive possession of cash and securities representing the contributions of the bankrupt to the "Joint Loss Fund." Were such the case, he undoubtedly could proceed to have his rights determined in the bankruptcy court and would not be obliged to establish diversity of citizenship in order to invoke federal jurisdiction. Bankruptcy Act, § 2 (11 USCA § 11). But

Arthur Leonard Ross, of New York City, for appellant.

Raiemond E. Dee, of New York City, for appellee New Jersey Fidelity & Plate Glass Insurance Company.

Kaufman & Weitzner, of New York City (Samuel H. Kaufman and Emil Weitzner,

the present suit is not a "proceeding in bankruptcy" relating to property in the actual or constructive possession of the trustee. It is rather an ordinary suit between the trustee and an adverse claimant.

The contract between New Jersey Fidelity and Alpha is incorporated in the bill of complaint and shows that the deposits by M. C. T. Co., Inc., were to indemnify New Jersey Fidelity for losses under the insurance policies which it had written. There is nothing to indicate that liabilities under these policies are not still outstanding. It is alleged that the trustee in bankruptcy has demanded that the defendants New Jersey Fidelity and Alpha turn over to him cash and securities representing the $327,000 contributed by M. C. T. Co., Inc., and that the defendants have refused to do this. Their refusal and the terms of the contract under which the deposits were made indicated that they were holding the property under an adverse claim and warrant the conclusion that they were not holding it as mere bailees or agents. Moreover, New Jersey Fidelity and Alpha contend that the contributions by M. C. T. Co., Inc., were not merely to secure New Jersey Fidelity against outstanding claims upon policies written for M. C. T. Co., Inc., but were to secure it also against claims upon policies underwritten for subsidiary corporations of Parmalee Transportation Company. The agreement that all the contributions should be deposited in a "Joint Loss Fund" and the words: "Alpha-Jersey Joint Loss Fund" used in the contract tend to support this construction. The contentions involve serious questions of law. We do not attempt to solve the questions of law and fact suggested by the refusal to turn over the fund, but hold that the answers are not so obvious as to render the contentions of the defendants merely "colorable," or to take defendants out of the class of adverse claimants against whom the trustee could not invoke summary relief. In re Midtown Contracting Co. (C. C. A.) 243 F. 56; In re Iroquois Utilities (C. C. A.) 297 F. 397.

The trustee argues that Alpha is not in the position of an adverse claimant because of the allegation of the eighth article of the complaint that it was "acting as an intermediary or agent of M. C. T. Co., Inc., and for other affiliated subsidiary corporations of * * * Parmalee." But the contract made Alpha in some respects a trustee not only for M. C. T. Co., Inc., but for the other subsidiaries of Parmalee, and imposed upon it the duty of causing the principals upon the bonds from time to time to deposit amounts sufficient to discharge all outstanding liabilities, and required it to maintain custody and control and to see to the proper investment and distribution of the "Joint Loss Fund" for the benefit of all interested parties. Its relation plainly was different from that of a mere agent for the bankrupt, with a revocable authority, which death or bankruptcy of the principal would terminate. Upon the facts set forth in the complaint, both New Jersey Fidelity and Alpha were adverse claimants against whom proceedings brought in the bankruptcy court merely as such would not lie. To invoke the jurisdiction of the District Court in such circumstances, diversity of citizenship had to be alleged between the bankrupt M. C. T. Co., Inc., and each defendant. Jaquith v. Rowley, 188 U. S. 620, 23 S. Ct. 369, 47 L. Ed. 620; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Stiefel v. 14th Street & Broadway Realty Corporation (C. C. A.) 48 F.(2d) 1041; In re Horgan (C. C. A.) 158 F. 774.

Section 23b of the Bankruptcy Act (11 USCA § 46(b), provides that suits between a trustee in bankruptcy and adverse claimants concerning property claimed by the trustee can be maintained only "in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings * * * had not been instituted." But suits under section 60b (11 USCA § 96(b), section 67e (11 USCA § 107(e), and section 70e (11 USCA § 110(e), are excepted from the general provisions of section 23 that limit jurisdiction to courts in which the bankrupt might have brought suit. The sections and subdivisions excepted relate to suits to recover unlawful preferences made within four months of bankruptcy, suits to recover property transferred with intent to hinder, delay, and defraud creditors and suits to set aside transfers which any creditor might have avoided. The present suit is not one belonging to any of those classes. It therefore can be maintained in a federal court only if the bankrupt might have brought it there. It must fail because M. C. T. Co., Inc., and the defendant Alpha are each New York corporations, so that diversity of citizenship is lacking. Such diversity is necessary to support federal jurisdiction and, without it, the trustee must proceed in the state court. Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867; Gage v. Carraher, 154 U. S. 656, 14 S. Ct. 1190, 25 L. Ed. 989; Wilson v. Oswego Township, 151 U. S. 56, 14

344

S. Ct. 259, 38 L. Ed. 70; Matthew v. Coppin (C. C. A.) 32 F.(2d) 100; Perez v. Canadian Land & Fur Co. (D. C.) 14 F.(2d) 181; Danks v. Gordon (C. C. A.) 272 F. 821.

The appellant finally seeks to sustain jurisdiction on the ground that diversity of citizenship existed between the bankrupt and New Jersey Fidelity, and Alpha was but a formal party whose presence would not deprive the court of jurisdiction. We cannot accede to the suggestion that Alpha was a mere formal party. It had joint control over the "Joint Loss Fund" and was bound to exercise its supervision over any distribution in the interest of all parties including M. C. T. Co., Inc., and other contributing subsidiaries of Parmalee. In such circumstances it was an indispensable party. Massachusetts & S. Construction Co. v. Cane Creek, 155 U. S. 283, 15 S. Ct. 91, 39 L. Ed. 152; Wilson v. Oswego Township, 151 U. S. 56, 14 S. Ct. 259, 38 L. Ed. 70. Its situation differed from that in Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867, where the depositary was a mere stakeholder.

Here Alpha was a fiduciary having, with New Jersey Fidelity, possession of the "Joint Loss Fund" of which the contributions of M. C. T. Co., Inc., were a part, and likewise having responsibility for its investment and control over its distribution. We think Alpha was an indispensable party. Moreover, even if Alpha was not an indispensable party, it had been charged with obligations to invest the fund and to supervise its distribution. This would seem to have given it a personal interest in the controversy and to have made it more than a nominal or formal party. In such a situation diversity of citizenship must exist to confer jurisdiction. Levering & Garrigues Co. v. Morrin (C. C. A.) 61 F.(2d) 115, at page 121; Matthew v. Coppin (C. C. A.) 32 F.(2d) 100; Devost v. Twin State Gas & Electric Co. (C. C. A.) 250 F. 349.

Decree affirmed.