**Robert J. SHAW, Plaintiff,**

v.

**John E. GIBBS, alias Ed Giebisch, and First Wisconsin Trust Company, a Wisconsin Corporation, Defendants.**

**Civ. A. No. 63–C–78.**

United States District Court
E. D. Wisconsin.

Sept. 5, 1963.

kee County, alleging that since one of the defendants is a Wisconsin citizen, there is no right of removal under Title 28 U.S.C. § 1441(b).[1]

Plaintiff Shaw and defendant Gibbs are each claiming the right to receive a portion of a trust fund held by the First Wisconsin Trust Company as trustee. This trust was created by the will of James B. Shaw, deceased, and provided among other things, that one third of a certain designated sum was to be paid to Robert J. Shaw when he reached his forty-fifth birthday. Plaintiff Shaw's forty-fifth birthday was reached on November 11, 1962.

Defendant Gibbs rests his claim upon a purported assignment of plaintiff's interest in the trust fund. Plaintiff Shaw contends the purported assignment executed by him was given as security for a loan and not as an assignment of his entire interest in the trust fund. The defendant Trust Company has petitioned the County Court of Milwaukee County to terminate the trust and direct the disposition of the fund.

In determining whether a cause of action is removable, only indispensible and necessary parties are considered on the question of jurisdiction. A nominal party may be disregarded. Leadman v. Fidelity & Casualty Co. of New York, D.C., 92 F.Supp. 782.

In Stonybrook Tenants Association, Incorporated v. Alpert, D.C., 194 F.Supp. 552, 559, the Court emphasized as a practical point to be considered, "Whether the Court Can Enter a Final Judgment Consistent With Equity and Good Conscience Without the Presence of the Corporate Defendants."

It is clear that when the object of a suit or action is to recover possession of real or personal property, the one in possession is a necessary and indispensable party. Massachusetts and Southern Construction Company v. Cane

Ray T. McCann and Leonard L. Loeb, Milwaukee, Wis., for plaintiff.

David E. Beckwith and Robert A. Stein, Milwaukee, Wis., Foley, Sammond & Lardner, Milwaukee, Wis., of counsel, for defendant John E. Gibbs.

John R. Zillmer, Milwaukee, Wis., for defendant First Wisconsin Trust Co.

DUFFY, Acting District Judge.

A suit was filed in the Circuit Court of Milwaukee County by Robert J. Shaw, a citizen of the State of California. Named as defendants in that suit were John E. Gibbs, alias Ed Giebisch, a citizen of the State of Connecticut, and the First Wisconsin Trust Company, a Wisconsin corporation.

Upon the petition of defendant Gibbs, the cause of action was removed to the United States District Court for the Eastern District of Wisconsin. Thereafter, plaintiff Shaw moved to remand the suit to the Circuit Court of Milwau-

---

1. 28 U.S.C. § 1441(b) provides in pertinent part: " * * * Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Creek Township, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152; Atlantic Coast Line R. Co. v. New York Casualty Co., D.C., 57 F.Supp. 31; Murphy v. Johnson (D.C. N.D.Texas), 49 F.2d 410.

If it be determined that the instant suit is one to adjudicate ownership only, this Court can determine such ownership without the presence of the First Wisconsin Trust Company. In such a situation, the Trust Company would be a nominal party, in considering citizenship on the question of diversity jurisdiction.

The critical question is whether the First Wisconsin Trust Company is something more than a mere stakeholder. A pertinent question is—Does the plaintiff seek more than a mere determination of ownership?

The Trust Company is not a party to any contract with defendant Gibbs which plaintiff is seeking to have declared invalid. The Trust Company has not aligned itself with either claimant to the trust proceeds. The Trust Company here makes no prayer for any affirmative relief.

It can be argued that the ultimate result of the instant litigation, if plaintiff should be successful, is that plaintiff will be entitled to a portion of the funds in the hands of the Trust Company. But such relief is not asked in this lawsuit. When the question of ownership is determined, the Trust Company will, undoubtedly, voluntarily pay as the Court may determine.

In support of defendant's contention that the Trust Company is only a formal party to this suit, a mere stakeholder, great reliance is placed by defendant Gibbs on Salem Trust Company v. Manufacturers' Finance Company, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628. There is indeed considerable similarity between that case and the case at bar. In that case, two assignees of an account receivable laid claim to the same fund. One assignee was a Massachusetts corporation and the other a Delaware corporation. The two assignees agreed between them-

selves to deposit the fund with a trust company in a special account in the name of one of them, until it was thereafter agreed between them, or found by a court of competent jurisdiction, which party was entitled to the fund.

In Salem, the suit was commenced by one assignee in a state court to secure a determination of ownership. The case was removed to a federal court where plaintiff moved to remand on the ground that plaintiff and the defendant Trust Company were citizens of the same state. The Court found the Trust Company was merely a nominal party since no cause of action existed against the trustee. The Court said, page 190 of 264 U.S., page 267 of 44 S.Ct., the Trust Company "* * has no interest in the controversy." The Court took pains to distinguish the situation in Salem from the situation existing in Wilson v. Oswego Township, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70, and Massachusetts and Southern Construction Company v. Cane Creek Township, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152.

In Massachusetts and Southern Construction Company v. Cane Creek Township, supra, 155 U.S. at page 285, 15 S.Ct. 91, the Supreme Court held the Trust Company was a necessary party stating: "Where the object of an action or suit is to recover the possession of real or personal property, the one in possession is a necessary and indispensible (and not a formal) party."

In Wilson v. Oswego Township, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70, the bank occupied a position as trustee. The plaintiff sought relief only against the bailee bank. Also, the bank prayed for relief protecting it from further responsibility and that all claimants be brought into court and be required to interplead for the bonds. The township was an intervenor and asked cancellation of the bonds. The Court said, at page 65 of 151 U.S., at page 263 of 14 S.Ct.: "Considering the nature of the suit and the relief sought thereby, these defendants cannot be treated and regarded as purely formal and unnecessary parties. The character of the relief sought made the

Union Savings Association, which occupied the position of a bailee or trustee, a necessary and indispensable party."

It is apparent that Wilson v. Oswego Township is clearly distinguishable and that the character of relief sought in the instant case demonstrates that the First Wisconsin Trust Company is a mere stakeholder and a nominal party.

The motion of the plaintiff to remand this suit to the Circuit Court of Milwaukee County is

Denied.