**O. F. HALLMAN and Wife, Laura L. Hallman, and Robert D. Mitchell, and Wife, Sylvia R. Mitchell, Appellants,**

v.

**SAFEWAY STORES, INCORPORATED, Appellee.**

No. 23650.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1966.

Rehearing Denied Dec. 13, 1966.

Earl Luna, Dallas, Tex., for appellants.

W. B. West, III, Dallas, Tex., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a diversity action for specific performance of an agreement to sell certain realty located in Dallas County, Texas. On January 7, 1965, O. F. Hallman and Robert D. Mitchell entered into a purchase-option agreement with W. B. West, III, Trustee (assignor of appellee, Safeway Stores, Incorporated), for which Hallman and Mitchell were paid the agreed consideration of $300.

Under the terms of the agreement (in which Hallman and Mitchell are designated as "Seller," and W. B. West, III, Trustee, as "Buyer") Seller granted to Buyer the exclusive right and option to purchase on or before July 7, 1965, for the price of $16,000 ($300 of which was payable at the time of the agreement and the balance of $15,700 upon delivery of the deed and completion of the escrow), certain realty in Dallas County, known as 1341 Kingsley Road; the option was to be exercised by written notice; upon exercise of the option the agreement was to constitute a contract; thirty days after the exercise of the option Seller was required to deposit with the escrow agent, National Title and Abstract Company, a warranty deed conveying the property to Buyer. Seller warranted that the property shall be free and clear of all matters except those approved and accepted by Buyer, said matters included conditions or restrictions which prohibit or restrict the erection of structures for the operation of a retail business of the sale of alcoholic beverages. If the title was deemed to be defective, unmerchantable or unacceptable to Buyer, then Buyer was to so inform the Seller and the escrow agent in writing. Seller agreed if the property was not zoned for retail business usage at the time of the exercise of the option Seller would within thirty days thereafter file an application to have the property rezoned, unless the Buyer notified the Seller that Buyer desired to do so. Buyer, at his option, was authorized to terminate the agreement if Seller had not complied therewith within six months after the exercise of the option. The agreement stated that it was subject to Buyer being able to rescind existing deed restrictions and to secure local retail zoning on the property, as well as adjacent lots under option from other landowners.

On June 30, 1965, seven days prior to the expiration date of the option, West, Trustee, addressed a letter to appellants, notifying them that he was exercising the option to purchase the property. On the same day West, Trustee, filed an ap-

plication to the City Plan Commission of Garland, Texas, for a change in zoning to permit retail usage of the property, which was denied on July 12, 1965, but subsequently granted on August 3, 1965 by the City Council of Garland which reversed the action of the Commission.

On July 26, 1965, appellants by letter [1] to West, Trustee, informed him that the six months' option had expired on July 7, 1965, and that unless the money was deposited in escrow by July 30, 1965, the agreement would be null and void.

On October 5, 1965, West assigned all of his rights, title and interest in and under the agreement with appellants to Safeway Stores, Incorporated, appellee.

On November 2, 1965, the escrow agent informed appellants by letter that it was ready to complete the escrow and to close the option to purchase, the funds having been deposited. Appellants refused to deliver the warranty deed to the escrow agent, whereupon Safeway Stores, Incorporated filed its complaint for specific performance. Appellants filed a motion to dismiss for lack of jurisdiction, contending that West, Trustee, and National Title and Abstract Company were necessary and indispensable parties, and the required joinder of either would deprive the court of diversity jurisdiction as appellants and West are citizens of the State of Texas and National Title and Abstract Company is a Texas corporation. Appellee and appellants filed motions for summary judgment. The lower court denied the two motions of appellants and granted appellee's motion for summary judgment. We affirm.

Appellants present two questions for our consideration: 1. Were the Trustee, West, and the escrow agent or either of them, necessary parties to this suit? 2. Was the letter written by West, Trustee, to appellants dated June 30, 1965, an unconditional exercise of the option contained in the contract between him and appellants, which could be the basis for specific performance of the option contract? (A related question concerning the legality of the provision in the agreement allowing Buyer such period of time as necessary to purchase adjacent property from other landowners is also raised by appellants.)

Appellants argue that the exclusive right to purchase the property in question was granted to the Trustee, not to appellee; that they had the right to contract with one person alone and to prohibit the assignment of that contract, citing Reef v. Mills Novelty Co., 1936, 126 Tex. 380, 89 S.W.2d 210; that the provision in the agreement granting the Trustee the "exclusive right" to purchase necessarily excluded that right to appellee, and therefore the Trustee was a necessary party. Appellants further contend that inasmuch as the escrow agent was required by the agreement to perform certain acts, such as deliver funds to the appellants, deliver a deed to the Trustee, check the title and issue a policy guaranteeing title on the property, its presence was necessary for a full determination of the issues, citing Matthews v. Olla State Bank, et al., W.D.La., 1926, 12 F.2d 136.

■ In order to determine jurisdiction in a diversity case it is necessary to consider the citizenship of persons who (1) not only have an interest in the case but (2) whose interest will be directly affected by a decree rendered therein.[2]

---

1. The letter from appellants to West reads: "Dear Sir: Mr. West we consider your 6 months option was up July 7th, 1965 But, we have your letter dated June 30th, 1965, Which you state that you want to exercise the option to buy under certain conditions. Mr. West if you want to purchase our property at $15,000.00 plus the $300 option money and you pay the commission like we were told originally by Mr. Z. L. Bozeman We will sign the Deed to this property provided the money is in escrow and will be released to us upon signing on or before 30th July 1965. Otherwise we consider our agreement Null and Void."

2. Fed.R.Civ.P. 19. (See also Standard Oil Company of Texas v. Marshall, 5 Cir. 1959, 265 F.2d 46; Hudson v. Newell, 5 Cir. 1949, 172 F.2d 848; 2 Barron and Holtzoff, Federal Practice and Procedure, § 511, pp. 85, 86.)

■ It is obvious that the Trustee and escrow agent are not necessary to this action. They have no interest whatsoever in the outcome of the controversy. Appellee asks only for a decree requiring appellants to deliver to the escrow agent a deed to the property; it seeks no relief against either the Trustee or the escrow agent. Complete relief can be accorded with the parties to this action within the contemplation of Fed.R.Civ. P. 19. No prejudice to appellants, the Trustee, or the escrow agent could result from the nonjoinder.

■ In Matthews v. Olla State Bank, et al., supra, the escrow agent refused to deliver money to the plaintiff, thus creating a controversy between plaintiff and the escrow agent. That is not the case before us. In the instant case the agent informed appellants that the funds were on hand and it was prepared to pay out same and close the transaction in its entirety, upon receipt of the warranty deed. The agent has no interest in the controversy. West, the Trustee, holds no legal title to anything with which this matter is concerned. He has assigned all of his rights, title and interest in and under the agreement with appellants to Safeway Stores, Incorporated, appellee, which he had a right to do under Texas law. It is well established that contracts are assignable, 6 Tex.Jur. 2d 404, and this includes contracts granting an option to purchase real property, in the absence of a provision to the contrary. 58 Tex.Jur.2d 269. There was no provision in the agreement prohibiting assignment; to the contrary, the only inference that could be logically drawn is that appellants were aware that the "Trustee," from the connotation of the term itself, was merely acting as an intermediary for another. The "exclusive right" to purchase granted to the Trustee, if logic is to prevail, must be construed in this case as a limitation against *appellants* granting the right to another during the term of the agreement. Exceptions which might be urged to the general law of Texas permitting assignments of contracts, such as fraud, the personal nature of the performance required by the contract, or the extension of credit to the assignor, are neither asserted nor applicable here.

■ It is established Texas law that an assignee may maintain any action in his own name which the assignor may have brought, and unless the assignor has retained some interest therein, he, the assignor, is precluded from bringing suit. 1 McDonald, Texas Civil Practice (1965 Rev.Vol.), 224, 225.

Appellants next contend that the Trustee did not unconditionally exercise the option set forth in the agreement prior to July 7, 1965, although they acknowledge receipt of the letter of June 30, 1965 from West, Trustee. The letter reads:

"Gentlemen:

"I, W. B. West, III, hereby exercise the option to purchase the property described in Paragraph First of the Agreement dated January 7, 1965, between you, as Seller, and me, as Trustee, upon the terms and conditions set forth in said Agreement.

"The consummation of the purchase of this parcel is, of course, subject to the obtaining of satisfactory zoning and the removal of various deed restrictions, as well as all the other terms and conditions set forth in said Agreement.

"We shall appreciate it if you will, as provided in Paragraph Fifth B of said Agreement, deposit your deed with the escrow agent named in the Agreement."

The basis of appellants' contention is that the exercise of the option was qualified by the language, "The consummation of the purchase of this parcel is, of course, subject to the obtaining of satisfactory zoning and the removal of various deed restrictions, as well as all the other terms and conditions set forth in said Agreement." Appellants also argue that the "other terms and conditions" include Seller's warranty that the restrictions relative to the erection of facilities for the sale of alcoholic beverages would be removed; that the sale of alcoholic bever-

ages is and always has been prohibited on the premises, and the failure of the Trustee to waive the provision requiring that there be no encumbrances against the restriction of the sale of such beverages rendered the agreement void.

■■ The alleged qualification in the letter exercising the option was actually a statement of provisions contained in the agreement. It imposed no new conditions and added nothing to the agreement. It was an unqualified exercise of the option, executed prior to the date agreed upon by the parties. Appellants' argument that failure of the Trustee to waive the provision relative to the removal of encumbrances prohibiting the sale of alcoholic beverages was fatal to the contract is completely devoid of merit. It is an attempt to invalidate the agreement because of *their own breach* of warranty, and to permit them to benefit by their own default. It is obvious that the provision was made for the benefit of the Buyer, and if appellee is willing to forego the removal of the encumbrance, appellants have no cause to complain. See Leonard v. King, et al., Tex.Civ.App.1914, 164 S.W. 1110.

■ Appellants also urge that the provision in the agreement allowing Buyer such period of time as necessary to purchase property adjacent to appellants' property violates the Texas constitutional prohibition against perpetuities.[3]

■ Under Texas law the test used to determine whether a contract (including an option to purchase) in which no fixed time for performance of a provision thereunder, is stated, violates the law against perpetuities is one of "reasonable time." If no time is agreed upon by the parties a reasonable time will be implied.[4]

■ The construction of what constitutes a reasonable time for performance of conditions in a written contract has been held to be a question of law. Hatt v. Walker, Tex.Civ.App.1930, 33 S.W.2d 489.

■ The options on the lots adjacent to the Kingsley Road property have been exercised and sales have been consummated with the landowners. On November 2, 1965, approximately only four months after the exercise of the option, the escrow agent notified appellants that it was ready to complete the escrow, to pay out the funds and to close the transaction in its entirety. Considering that *appellants* were allowed six months after the exercise of the option for performance of their duties under the contract, any time less than six months must be considered a reasonable time, as a matter of law as well as equity.

■ This is a proper case for specific performance of a valid contract. The option was timely exercised on June 30, 1965, in accordance with the agreement, thus ripening into a contract for the sale and purchase of property. Appellants' letter of July 26, 1965, demanding that the balance of the purchase price be deposited on or before July 30, 1965, has no legal effect, as the option had already been exercised thus precluding the revocation or withdrawal of the option. 58 Tex.Jur.2d 261. Under the express provisions of the agreement, the balance of the purchase price was not due until the deposit of the deed by appellants with the escrow agent, and appellants' unilateral attempts to change the provisions of the agreement are unavailing.

Affirmed.

---

3. Art. 1, § 26, of the Constitution of Texas, Vernon's Ann.St. provides: "Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this State."

4. 58 Tex.Jur.2d 371; Mattern v. Herzog, Tex.1963, 367 S.W.2d 312.