## ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY & Others *v.* WILSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted March 2, 1885.—Decided March 23, 1885.

In a suit to compel a corporation to transfer to the plaintiff stock standing on its books in the name of a third person, the corporation and the third person are both necessary parties.

Separate issues, under separate defences, to an action pending in a State court, do not necessarily make separable controversies, which may be removed to the Circuit Court of the United States.

This was an appeal from an order of the Circuit Court of the United States remanding a suit to the Circuit Court of the City of St. Louis, Missouri, from which it had been removed upon a petition filed under the act of March 3, 1875, ch. 137, 18 Stat. 470. The suit was in equity and brought by William C. Wilson, the appellee, a citizen of Missouri, against the St. Louis and San Francisco Railway Company, a Missouri corporation, and Jesse Seligman, and James Seligman, citizens of New York, to compel the company to transfer to Wilson on its books certain shares of its capital stock standing in the name of the Seligmans, and to issue to him certificates therefor. The petition stated that Wilson purchased the stock at a sale under an execution issued upon a judgment in his favor and against the Seligmans, and that on the 19th of December, 1883, he exhibited to the company his certificate of purchase, and demanded that the company cause his name " to be entered on the stock books of said corporation as the owner of said shares

of said capital. stock, . . . and further duly notified said corporation to pay to him all dividends that might thereafter be declared and payable to and on said stock;" but that the company refused to do so. The prayer was for a transfer of the stock, the cancellation of the certificates to the Seligmans, the issue of new certificates and payment of dividends to Wilson, and an injunction prohibiting the Seligmans from acting as stockholders.

The company and the Seligmans filed separate answers, but setting up substantially the same defence, to wit, that the stock, though standing in the name of the Seligmans, did not in fact belong to them when the execution was levied, or when the sale to Wilson was made, because they had long before that time sold and transferred their certificates to other parties for value, who were the real holders and owners of the stock, though not transferred to them on the books. The Seligmans in their answer denied the validity of the judgment against them for the reason that it was rendered in a suit to which they were not parties.

The petition for removal was presented by the Seligmans alone, and, after stating the citizenship of the parties, proceeded as follows: "That there is in said suit a controversy wholly between citizens of different States, which can be fully determined as between them without the presence of the defendant, the St. Louis and San Francisco Railroad. That there is in said suit a separate controversy wholly between said plaintiff and your petitioners, citizens of different States as aforesaid, which can be fully determined as between them, and your petitioners are actually interested in such controversy. That the controversy in said suit between plaintiff and your petitioners, as made by the pleadings, is wholly distinct and separate from that between the plaintiff and the St. Louis and San Francisco Railway Company."

Upon this petition the State court removed the suit, but the Circuit Court of the United States remanded it. To reverse this order of the United States Court, the appeal was taken.

*Mr. James O. Broadhead* for Seligmans, appellants.

*Mr. James S. Botsford* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court. After reciting the facts as above stated, he continued:

There is but one controversy in this case, and that is as to the duty of the railroad company to transfer to Wilson the stock standing in the name of the Seligmans on its books and to issue new certificates therefor. Upon the one side of that controversy is the plaintiff, a citizen of Missouri, and on the other the railroad company, a Missouri corporation. The sole purpose of the suit is to establish the duty and enforce its performance. This cannot be done without the presence of the company, for it is upon the company itself that the decree must operate. The Seligmans are made parties only in aid of the principal relief which is asked. As the stock stands in their names on the books, the company may well claim a judicial finding in the cause which shall bind them, if upon the final hearing a transfer is ordered. The suit, therefore, is in truth and in form against both the company and the Seligmans on a single cause of action, and cannot be removed unless the separate answer of the Seligmans introduces a separate controversy. This we have held in *Louisville & Nashville Railroad Co.* v. *Ide,* just decided, is not necessarily the effect of separate issues under separate defences to the same action. No relief whatever can be granted unless it is found to be the duty of the company to transfer the stock, and as to that controversy the company is an indispensable party. *Central Railroad Company of New Jersey* v. *Mills,* 113 U. S. 249; *Thayer* v. *Life Association,* 112 U. S. 717.

The order remanding the cause is        *Affirmed.*