# CRUMP *v.* THURBER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

Submitted April 22, 1885.—Decided May 4, 1885.

A suit in equity brought by C, a citizen of one State, against a corporation of the same State, and T, a citizen of another State, and W, to obtain a decree that C owns shares of the stock of the corporation, standing in the name of W, but sold by him to T, and that the corporation cancel on its books the shares standing in the name of W, and issue to C certificates therefor, cannot be removed by T into the Circuit Court of the United States, under § 2 of the Act of March 3d, 1875, 18 *Stat.* 470, because the corporation is an indispensable party to the suit, and is a citizen of the same State with C.

The only question involved in this appeal was the rightfulness of the removal of the cause from a State court to a Circuit Court of the United States. The facts which raise the question are stated in the opinion of the court.

*Mr. Emmet Field* and *Mr. G. C. Wharton* for appellant.

*Mr. E. More* for appellee.

Mr. Justice Blatchford delivered the opinion of the court.

This suit was commenced by the filing in the Louisville Chancery Court, in the city of Louisville, Kentucky, on the 26th of November, 1880, of a petition in equity, by W. H. Crump against James Wilson, and the Southern Dairy Company, a Kentucky corporation. The substance of the petition was, that Crump had, under a contract with Wilson, assisted him in selling rights under a patent which he controlled ; that, by the terms of the contract, Wilson was to receive $12,000 for the right for Kentucky, and $8,000 for the right for Indiana, and all received above those sums for either State was to be divided equally between Crump and Wilson ; that the rights for Kentucky and Indiana were disposed of to the Southern Dairy Company, and 1,000 shares of its capital stock, of $100 each, out of 2,000 shares, were issued to Wilson, in payment for the rights, of which he had sold 100 shares for $5,000 ; that he had received more in value than the $20,000 ; that he refused to give to Crump any part of the stock or of the money ; that a large amount of the stock issued to Wilson still stood on the books of the corporation in his name ; and that Crump was entitled to 300 shares thereof. The petition prayed that Crump be adjudged to own 300 shares of the stock ; and that the corporation be ordered to cancel on its books the stock standing in the name of Wilson, to that extent, and to issue to Crump certificates for 300 shares.

The corporation was served with process. The petition was then amended by stating that not less than 250 shares of the stock still stood in the name of Wilson ; and process on that was served on the corporation. It then filed an answer, stat-

ing that 250 shares of its stock stood, when the petition was filed, in the name of Wilson, on its books, and had not since been transferred thereon; that, before the suit was brought, one H. K. Thurber bought the 250 shares from Wilson, and received from him the certificates thereof, by indorsement and delivery, and still held and owned them, and he had notified the president of the corporation of that fact, and claimed the right to have the stock transferred into his own name; and that it was willing to obey the judgment of the court, but ought not to be ordered to cancel or transfer the stock, unless Thurber should be brought before the court, to litigate with Crump the true ownership of the stock.

Crump replied to the answer of the corporation, and filed an amended petition, making Thurber a party to the suit, and praying the same relief as in his original petition. Wilson and Thurber were then each personally served with process in the City of New York. Thurber then came into the State court and filed a petition and a bond for the removal of the suit to the Circuit Court of the United States for the district of Kentucky, and the State court made an order removing the cause, under the objection and exception of the plaintiff. The petition proceeded on the ground that Crump was a citizen of Kentucky and Thurber a citizen of New York, and that there was a controversy in the suit between them, which was wholly between citizens of different States, and could be fully determined between them. Nothing was said in the petition for removal about Wilson or the corporation.

Thurber then filed an answer in the Circuit Court, setting forth that he had, on the 26th of October, 1880, purchased the 250 shares from Wilson, for value, and received from him the certificates therefor, three in number, issued by the corporation to, and in the name of, Wilson, with blank forms of assignment and power of attorney on the back, which Wilson signed, and delivered to Thurber, with the certificates; that he was entitled to fill the blanks and surrender the certificates, and have the shares transferred and new certificates issued to him by the corporation; and that he purchased the shares without any knowledge or information of any claim by Crump

against Wilson. The answer prayed that the shares be decreed to be the property of Thurber and not of Crump, and that the corporation be ordered to cancel the certificates issued to Wilson, and to issue to Thurber new certificates in their place. There was a replication to this answer.

Thurber also filed a cross-bill in the Circuit Court, making as a defendant only the corporation, but not Crump, setting forth himself as a citizen of New York and the corporation as a citizen of Kentucky, and averring the facts as to his purchase of the stock from Wilson, for value, and as to the indorsement and delivery of the certificates by Wilson to him, and praying for judgment against the corporation, that it receive and cancel the certificates issued to Wilson, and issue to Thurber other certificates, in their stead, for the 250 shares.

The corporation answered this cross-bill, saying that it was a mere stake-holder between the parties to the suit, and praying for a proper judgment, which should protect it. There was a replication to that answer.

Then Crump filed in the Circuit Court an amended bill, setting forth that the transaction between Wilson and Thurber was for the fraudulent purpose of protecting the stock for Wilson, and that the certificates were held in secret trust by Thurber for Wilson. Thurber answered that amended bill, denying its allegations. To that answer there was a replication.

Proofs were taken, and, on a hearing, a decree was made dismissing the bill of Crump, and adjudging that Thurber was the true owner of the 250 shares, and was entitled to have the certificates issued to Wilson therefor cancelled, and other certificates issued in lieu thereof, on his application; and it was ordered that the corporation cancel the certificates, and issue or deliver to Thurber, or his order, such new certificates, and that Thurber and the corporation recover of Crump their costs. Wilson had never appeared or answered. Crump has appealed to this court.

It is assigned for error, that the Circuit Court did not have jurisdiction of this cause, under § 2 of the act of March 3, 1875, 18 Stat. 470, and ought to have remanded it to the State

court. This objection is well taken. It is true that there is, in the suit, a controversy between Crump and Thurber, but it is a controversy to which the corporation is an indispensable party. Crump brought the controversy into court as one between himself on one side, and Wilson and the corporation on the other side; and throughout Crump maintained that Thurber had no right to take the place of Wilson, because the transactions between Wilson and Thurber gave Thurber no greater right than Wilson had. The controversy which Crump asked to have adjudicated was one in which he should be declared to be the owner of the shares, and in which to give him the fruition of such decree, and enable him to stand as the legal owner of the shares, and be recognized as such on the books of the corporation, there should be a decree ordering the corporation to cancel on its books the evidence of the ownership by Wilson, and to issue to Crump certificates for the shares. The jurisdiction of the Circuit Court must be determined, for the purposes of this case, by the status of the parties, and the nature of the relief which had been asked by the plaintiff, at the time of the application for removal. If the decree of the Circuit Court had been in favor of Crump, it would have enforced a right in favor of a citizen of Kentucky against a corporation of Kentucky. That corporation could not have removed the suit, by showing that a citizen of New York was the other claimant of the stock. The event of the suit, a decree in favor of Thurber, on the merits, against Crump and the corporation, is not a proper test of the jurisdiction. If Thurber had brought the suit originally in the State court, against Crump and the corporation, it could have been removed; or he might have brought it originally against them in the Circuit Court. But in the present decree, Crump's bill is dismissed on the merits, and of course he is adjudged to have no rights against the corporation, and costs are decreed against him in favor of the corporation.

This case falls distinctly within a series of rulings made by this court. *Blake* v. *McKim*, 103 U. S. 336; *Hyde* v. *Ruble*, 104 U. S. 407; *Winchester* v. *Loud*, 108 U. S. 130; *Shainwald* v. *Lewis*, 108 U. S. 158; *Ayres* v. *Wiswall*, 112 U. S.

187; *Hancock* v. *Holbrook,* 112 U. S. 229; *Thayer* v. *Life Association,* 112 U. S. 717; *N. J. Cent. Railroad Co.* v. *Mills,* 113 U. S. 249; *Sully* v. *Drennan,* 113 U. S. 287; *Louisville & Nashville Railroad Co.* v. *Ide,* 114 U. S. 52; *St. Louis & San Francisco Railroad Co.* v. *Wilson,* 114 U. S. 60; *Putnam* v. *Ingraham,* 114 U. S. 57; *Pirie* v. *Tvedt, ante,* 41.

*The decree of the Circuit Court is reversed, and the case is remanded to that court, with a direction to remand it to the State court, for want of jurisdiction, with costs to Crump against Thurber, in the Circuit Court.*