YEARIAN *v.* HORNER *et al.*

*(Circuit Court, E. D. Missouri, E. D.* September 26, 1888.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—PARTNERSHIP—ACCOUNTING.
   A bill by one partner against others, praying an account of the proceeds of partnership property sold by some of the partners to a corporation also a defendant, upon which sale it averred that part of the purchase money is still due. and praying that defendant partners be enjoined from selling, and the defendant corporation from permitting the transfer on its books of, certain stocks of the corporation belonging to the firm, and the appointment of a receiver, does not present a separable controversy between the corporation and any of the parties, and is not, therefore, under the third clause of act Cong. March 3, 1887, § 2, removable to the federal court at the instance of the non-resident corporation.

Motion to Remand to State Court.
Bill by W. H. Yearian against A. T. Horner and others to compel an account of partnership transactions, and for an injunction. On the petition of the Montrose Placer Mining Company, the cause was removed from the state court into this court.
Before BREWER, Circuit Judge, and THAYER, District Judge.
*Boyle, Adams & McKeighan,* for plaintiff.
*Reynolds & Rolfe,* for defendant.

THAYER, J. This is a motion to remand the case to the state court. The record was removed to this court by the Montrose Placer Mining Company, one of the five defendants, upon the theory that there is involved in the suit a separable controversy which is wholly between citizens of different states, and is therefore removable under the third clause of the second section of the act of March 3, 1887, regulating the jurisdiction of the federal courts. The petition for removal asserts that plaintiff is a citizen of California; that one of the individual defendants is a citizen of Missouri; that another is a citizen of Colorado; that the mining company is an Illinois corporation; and that the citizenship of the

two remaining defendants is unknown; but that neither are citizens of the state of Illinois.

We think the theory on which a removal is sought is erroneous, and that the cause is not removable, for the following reason: It does not appear to us that there are several controversies involved in the suit, one of which is wholly between citizens of different states, and may be fully determined as between them without the presence of the other defendants. In our view of the case, there is but a single controversy; and, that being so, the case is clearly not removable under the third clause of section 2 of the act of March 3, 1887. *Barney* v. *Latham,* 103 U. S. 205; *Hyde* v. *Ruble,* 104 U. S. 407; *Fraser* v. *Jennison,* 106 U. S. 191, 1 Sup. Ct. Rep. 171; *Ayres* v. *Wiswall,* 112 U. S. 187, 5 Sup. Ct. Rep. 90; *Railroad* v. *Wilson,* 114 U. S. 60, 5 Sup. Ct. Rep. 738; *Telegraph Co.* v. *Brown,* 32 Fed. Rep. 337. The bill in this case charges, in substance, that the plaintiff and the four individual defendants were copartners, and as such owned certain mining property; that two of the partners (Messrs. Horner and Cornell) were deputed to sell the property, and succeeded in making a sale to the Montrose Placer Mining Company. The bill alleges that defendant Horner, on the consummation of the sale, received for the property certain money, and also 125,000 shares of stock in the purchasing company, but that he has failed to account to plaintiff and one of the other partners, who is made a defendant, for their just proportion of the money and stock so received. The bill also alleges that the Montrose Mining Company still owes about $10,000 of the purchase price. The bill thereupon prays that Horner may be compelled to account for what was received for the mine, and for a general accounting as between the partners; that the stock which Horner received on the sale of the mine may be decreed to belong to the partnership, and may be sold, and the proceeds divided; and that, inasmuch as Horner is insolvent, and has no property besides the stock, and is threatening to sell and dispose of the same, that he be enjoined from so doing, and that the Montrose Mining Company be enjoined from permitting transfers of the stock on its books pending this suit. There is also a prayer that a receiver be appointed to take possession of the stock in controversy, and all other partnership assets, including the $10,000 said to be due to the partnership from the Montrose Mining Company. We think that in all of these averments there is but a single controversy or cause of action disclosed; that it is substantially a bill to have certain property adjudged to be partnership property, and to obtain a decree liquidating the affairs of the partnership. It does not appear that, in addition to the suit to discover firm assets and wind up the partnership affairs, there is another and separate controversy involved between the mining company on the one hand and the plaintiff and his copartners on the other. The mining company may or may not admit that it owes the firm a balance of $10,000 on account of its purchase of the mine. The bill does not aver that there is any controversy on that point; but, whether there is or is not such a controversy, it cannot properly be tried and determined in this action. In the nature of things, that is an issue when it arises, that must be settled by a

suit at law, brought by a receiver of the firm, or by the partners themselves, and such suit may or may not be removable, according to the citizenship of the parties litigant as it may then appear. It is sufficient to say that a controversy of that nature is not involved in this action, and that the only apparent object of making the mining company a party defendant to this bill was to obtain an injunction against it, restraining it from permitting transfers of the stock in dispute, during the pendency of the litigation between the plaintiff and his copartners as to its ownership.

We think it clear that the mere fact that the bill shows that in a certain event the plaintiff and his copartners may have a right of action at law against the mining company, (which right of action, however, is not properly cognizable in this suit,) does not entitle the corporation to remove the cause to this court as one involving a separable controversy. The motion to remand is accordingly sustained.

BREWER, J., concurs.