PATTERSON v. FARMINGTON ST. RY. CO. et al.

(Circuit Court, D. Connecticut.    October 1, 1901.)

No. 1,048.

**REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—NECESSARY PARTIES.**

To a suit for the specific performance of a contract, which requires the transfer of stock in a corporation on its books to make the relief prayed for effective, the corporation is a necessary party, and its presence as a defendant, where it is a citizen of the same state as complainant, will prevent the removal of the cause by the principal defendant.[1]

On Motion to Remand to State Court.

Seymour & Knapp, for complainant.

William F. Henney and Edward D. Robbins, for respondent Coykendall.

TOWNSEND, District Judge.    Motion to remand.    This is an action brought by James T. Patterson, of Connecticut, against the Farmington Street Railway Company, a corporation located in Connecticut, Samuel D. Coykendall and Henry C. Soop, both of the state of New York, and Edwin S. Greeley, of Connecticut.    The complaint alleges an agreement by Coykendall to sell 135 of 315 first mortgage bonds of the Hartford & West Hartford Railroad Company, a Connecticut corporation; foreclosure of the bonds; purchase of the property of the last-named company by Coykendall, Soop, and Greeley, as trustees for the holders of the 315 bonds; the organization of the Farmington Street Railway Company by subscription by them, each, for 630 shares, as trustees for the persons entitled to the bonds; that said bonds are now represented by stock in said railroad company; that the bonds are held under the control of said Coykendall, Soop, and Greeley as trustees; that no certificates of stock have been actually issued by the Farmington Street Railway Company; that plaintiff has made a tender, and is entitled to execution of said contract; that Coykendall, Soop, and Greeley intend to transfer the stock of said company, and prevent the plaintiff from obtaining his due portion of the same, to wit, $^{135}/_{315}$ thereof, and that the Farmington Street Railway Company will allow such transfer to be made upon the books of the company,—and claims a decree against Coykendall, Soop, and Greeley for the transfer of 810 shares of the stock or the delivery of 135 of the bonds; an injunction restraining the Farmington Street Railway Company from allowing any of the 630 shares subscribed for by Coykendall, or so many subscribed for by Soop and Greeley as shall not leave 180 beyond those subscribed for by Coykendall; against issuing to any person except the plaintiff so many certificates as not to leave 810 shares standing in the names of Coykendall, Soop, and Greeley; and a similar injunction against said Coykendall, Soop, and Greeley from transferring stock, and for such other and further relief as is due in the premises.    A temporary in-

---

[1] Removal of causes involving separable controversies, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86, and Mecke v. Mineral Co., 35 C. C. A. 155.

junction was issued, and order of notice of the injunction on the defendants made, which order directed the sheriff of the county of Hartford, and either of his deputies, to give notice by leaving a true and attested copy with or at the usual place of abode of the secretary of the railway company and the defendant Greeley, and by sending a like copy by mail to Coykendall and Soop. Coykendall, on the return day of the writ, pleaded to the jurisdiction that the writ had never been served upon him personally, and that the action was not on joint contract, and that no proper order of notice of the institution or pendency of the complaint had been made by any judge, clerk, or assistant clerk of the court; and on the same day filed his petition for removal, alleging that the defendants, the railroad company, Soop, and Greeley, were merely nominal parties to the suit, and the suit was substantially a suit for the specific performance of a contract alleged in the complaint, in which only the plaintiff and Coykendall were interested, and that there was a separable controversy concerning the right of the plaintiff to the performance by Coykendall of an agreement on his part to sell plaintiff certain bonds.

Laying aside the question as to whether Soop and Greeley are merely nominal parties, the present case does not seem to be distinguishable in principle from Railway Co. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738, 29 L. Ed. 66; Crump v. Thurber, 115 U. S. 56, 5 Sup. Ct. 1154, 29 L. Ed. 328; Rogers v. Van Nortwick (C. C.) 45 Fed. 513. In Crump v. Thurber, Crump claimed that he had assisted one Wilson in selling rights under a patent under an agreement that Wilson would give him one-half of what he should receive above $20,000; that the rights had been disposed of to the Southern Dairy Company, who, with Wilson, was made a defendant; that Wilson had received 1,000 shares of the stock of said company of $100 each, of which he had sold 100 shares for $5,000, and that Crump was entitled to 300 shares of said stock. Wilson had transferred his stock to Thurber, who was then made a party. The corporation claimed that it was a mere stakeholder between the parties, and asked for a judgment which would correct it. Thurber removed the case to the circuit court, which adjudged, after a trial on the merits, that Thurber was entitled to the stock. On appeal to the supreme court it was held that the case should be remanded; that, in order to give Crump the fruition of the decree claimed by him, there should be a decree ordering the corporation to cancel on its books the evidence of ownership of Wilson, and issue to Crump the certificate for the shares. The suit was founded upon a contract to pay a share of proceeds, and it does not seem to differ essentially from the present case. In one of the other cases cited the plaintiff claimed that he had purchased stock on execution sale, the validity of which the record stockholders deny; and in the other the controversy was over the ownership of stock. In one of them the corporation claimed—apparently with considerable force—to be a mere stakeholder, but the court held that it was a necessary party, whose presence prevented removal. The point is raised that, because the complainant does not specifically claim a transfer on the books of the company and the issue of stock to it, the present case is not parallel. Under the

common law of Connecticut, unless changed by the practice act, necessary relief may be granted under the general prayer for relief; and such is the case in the United States courts. The rule requiring the plaintiff to specifically state the relief claimed does not prevent the court from granting relief under the general prayer, if it sees fit, although it might prevent the plaintiff from claiming error if the court should refuse to grant any particular relief on the ground that it was not demanded. If defendants should move to strike out the prayer for general relief upon the ground of the rule, the plaintiff could, within the 30 days allowed for amendment, amend by inserting a prayer for transfer on the books of the company, and the issue of new certificates.

The motion to remand is allowed.