## MEYER BROS. DRUG CO. v. DOLLAR S. S. LINE et al.
### No. 4129.

District Court, E. D. New York.
Oct. 6, 1930.

58

· Bigham, Englar, Jones & Houston, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendant.

GALSTON, District Judge. ·

There are two questions presented. The first is whether, on a motion to remand, this court in its consideration is confined to the allegations of the complaint; and, secondly, whether there has been such waiver by the plaintiff as to defeat its present motion.

In disposing of the first question, it is sufficient to cite Salem Trust Co. v. Manufacturers' Finance Company, 264 U. S. 182, 44 S. Ct. 266, 267, 68 L. Ed. 628, 31 A. L. R. 867:

· "The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed (Barney v. Latham, 103 U. S. 205, 215, 26 L. Ed. 514; Ex parte Nebraska, 209 U. S. 436, 444, 28 S. Ct. 581, 52 L. Ed. 876)" etc.

In order to justify removal from the state to the federal court on the ground of a separate controversy between citizens of different states, the whole subject-matter of the suit must be capable of being finally determined as between them and complete relief afforded as to the separate cause of action, without the presence of the other parties named in the suit. Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823.

In the present case the complaint is so framed that it is impossible from a reading of the complaint to state positively that the whole subject-matter of the suit can be determined in a separate controversy between the plaintiff and the Dollar Steamship Line.

In the circumstances it would appear that the jurisdiction of this court under U. S. Code, title 28, section 71 (28 USCA § 71), does not attach. If that be so, there could be no waiver by the defendant which would confer jurisdiction on this court. The fact that an answer has been filed herein and a deposition taken are of no consequence. The jurisdiction of the court must be determined by the status of the parties and the nature of the relief asked at the time of the application for removal. Crump v. Thurber, 115 U. S. 56, 5 S. Ct. 1154, 29 L. Ed. 328.

Motion granted.