## EDELSTEIN v. NEW YORK LIFE INS. CO. et al.

District Court, S. D. New York.
Nov. 21, 1939.

Irving Mariash, of New York City, for plaintiff.

Louis H. Cooke, of New York City, for defendant New York Life Ins. Co.

Edwin A. Tennant, Jr., of New York City, for defendant Federal Deposit Ins. Corporation.

COXE, District Judge.

This is a motion by the plaintiff to remand. The action is on a life insurance policy of the defendant New York Life Insurance Company, in which the plaintiff

Harris Edelstein was the insured, and the plaintiff's wife, Sonia Edelstein, was the beneficiary. The ownership of the policy is claimed both by the plaintiff and by the defendant Federal Deposit Insurance Corporation.

The suit was originally started in the State Court on April 21, 1939, against the New York Life Insurance Company as sole defendant to recover $25,599, being the surrender value of the policy. After the complaint was served, the plaintiff was advised that there had been a default in the payment of a quarterly premium, due on November 28, 1938, and that the Life Insurance Company had applied the cash surrender value to the purchase of temporary insurance for $101,399, good until July 19, 1948. This action of the Life Insurance Company was in accordance with the terms of the policy, which allowed the insured to surrender the policy within three months after any default, and obtain either participating paid up insurance or the cash surrender value, otherwise the cash surrender value would be applied automatically by the Life Insurance Company to the purchase of temporary insurance.

The plaintiff did not surrender the policy within the required three months period, and apparently acquiesced in the action taken by the Life Insurance Company with respect to the temporary insurance. The plaintiff accordingly served an amended complaint on June 8, 1939, alleging the agreement of the Life Insurance Company to apply the cash surrender value to the purchase of temporary insurance for $101,399, and asked for a declaratory judgment declaring the policy in full force and effect as temporary insurance for that amount until July 19, 1948.

Prior to the commencement of the suit, the Federal Deposit Insurance Corporation, a corporation created by Act of Congress (12 U.S.C.A. § 264), notified the Life Insurance Company that it claimed title to the policy, and on June 26, 1939, the Life Insurance Company moved in the State Court to bring in that corporation as a party defendant. The papers on which the motion was based alleged that the Federal Deposit Insurance Corporation had filed with the Life Insurance Company an assignment of the policy executed by the plaintiff Harris Edelstein, and his wife, Sonia Edelstein, to the First National Bank of Perth Amboy, and a further assignment executed by the First National Bank of Perth Amboy to the Federal Deposit Insurance Corporation. It was also alleged that the Federal Deposit Insurance Corporation had surrendered the policy to the Life Insurance Company on January 23, 1939, and had demanded payment of the cash surrender value of $25,599.

The motion of the Life Insurance Company to join the Federal Deposit Insurance Corporation was granted by the State Court, and an order was entered on July 7, 1939, directing the issuance of a supplemental summons, and amending the title by including as a defendant the Federal Deposit Insurance Corporation. The Federal Deposit Insurance Corporation was served with process in the State Court on July 11, 1939, and almost immediately thereafter removed the suit to this court on the ground that it was a suit arising under the laws of the United States, of which the district court had original jurisdiction (28 U.S.C.A. § 71).

The petition for removal alleges that the Federal Deposit Insurance Corporation is a corporation organized and existing under the laws of the United States (12 U.S.C.A. § 264), and that more than one-half of its stock is owned by the United States. The statute creating the corporation provides that all civil suits to which the corporation is a party "shall be deemed to arise under the laws of the United States" (12 U.S.C.A. § 264 (j). The petition further alleges that the defendant New York Life Insurance Company is in effect merely a stakeholder and holds the policy or proceeds for the benefit either of the plaintiff or of the defendant Federal Deposit Insurance Corporation; and that there is a controversy between the plaintiff and the defendant Federal Deposit Insurance Corporation which can be fully determined as between them without affecting the interest of the defendant New York Life Insurance Company. The defendant New York Life Insurance Company did not join in the petition for removal, but has submitted an affidavit on the present motion stating that it has no preference as to the forum in which the action is to be tried.

It is well settled that all defendants must join in a petition for removal if the removal is sought solely under the first sentence of the removal section (28 U.S.C.A. § 71). Dobie on Federal Procedure, p. 361, Belcher v. Aetna Life Ins. Co., D.C., 3 F.Supp. 809; Chicago, R. I. & P. R. Co. v.

Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055. Unless, therefore, there is some valid ground of removal other than that the suit is one arising under the laws of the United States, the removal cannot be sustained.

The defendant Federal Deposit Insurance Corporation first insists that the defendant New York Life Insurance Company is a mere stakeholder and may be disregarded for removal purposes. The right to remove is to be determined on the record as made at the time the removal petition is filed. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. On this record, the plaintiff is seeking a declaratory judgment that the policy is in force and effect as temporary insurance for $101,-399 until July 19, 1948. The defendant Federal Deposit Insurance Corporation, on the other hand, has a money claim against the defendant New York Life Insurance Company for $25,599, being the cash surrender value of the policy. If the plaintiff succeeds, he will be entitled to a judgment declaring his rights in the policy as against the defendant New York Life Insurance Company. If the defendant Federal Deposit Insurance Corporation succeeds, it will be entitled to a money judgment against the defendant New York Life Insurance Company. Under these circumstances, it cannot be said that the defendant New York Life Insurance Company is a mere nominal party. Crump v. Thurber, 115 U.S. 56, 5 S.Ct. 1154, 29 L.Ed. 328; Massachusetts & Southern Const. Co. v. Cane Creek, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152. I do not think, either, that there is any basis for treating the defendant New York Life Insurance Company as a stakeholder. See Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867.

The defendant Federal Deposit Insurance Corporation also contends that there is a separable controversy between it and the plaintiff. The difficulty with this contention is that the part of the removal section (28 U.S.C.A. § 71) permitting removal of a separable controversy is by its terms applicable only to "a controversy which is wholly between citizens of different States". Bailey v. Texas Co., 2 Cir., 47 F.2d 153; Creagh v. Equitable Life Assur. Soc., C.C., 88 F. 1; Laden v. Meck, 6 Cir., 130 F. 877. There is nothing in Chicago, R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055, and Matter of Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558, which holds to the contrary. Inasmuch, therefore, as there is no diversity of citizenship as between the plaintiff and the defendant Federal Deposit Insurance Corporation, the removal cannot be sustained on the ground of a separable controversy.

The motion of the plaintiff to remand to the State Court is granted.