**KEARNEY et al. v. DOLLAR et al.**

Civ. A. No. 1503.

United States District Court
D. Delaware.
Jan. 16, 1953.

David Snellenburg, II, Killoran & Van Brunt, Wilmington, Del., for plaintiffs.

Hugh M. Morris, E. D. Steel, Jr., and George T. Coulson (Morris, Steel, Nichols & Arsht, Wilmington, Del.), for defendants.

RODNEY, District Judge.

This is an action instituted in the Court of Chancery of the State of Delaware in and for New Castle County and removed to this court by certain of the defendants. The present questions arise on a motion by the plaintiff to remand the action to the State Court.

The complaint filed in the State Court and removed here is a lengthy pleading of some 84 paragraphs. Since the questions here involved primarily concern the parties to the action, first attention will be directed to such parties.

The plaintiffs are Michael M. Kearney as an individual and allegedly as a general or

special partner with Clinton M. Hester in the practice of law in Washington, D. C. While paragraph 3 of the complaint specifically denominates Hester as a "plaintiff" and he is also listed as a defendant, yet at the argument the plaintiff conceded and the parties agreed that Hester should be considered only as a defendant and as such he is considered in this opinion.

An epitome of the complaint shows in general terms that the plaintiff claims that he and Hester, as members of a general or limited partnership, performed legal services for certain of the defendants in connection with a dispute and litigation in the District of Columbia in connection with the Maritime Commission and concerning shares of stock of the American President Lines, Inc., Ltd., and allegedly owned by certain of the defendants. The plaintiff alleges that the services were performed pursuant to an express contract for a contingent fee and which provided that if the said attorneys were successful in sustaining the right to the shares of stock in question, the attorneys would be entitled to a fee of 225,000 of such shares. The plaintiff alleges the performance of the services and a successful conclusion of the litigation. As the present questions do not concern the merits of the action, they will not be further considered.

The parties to the action as given by the plaintiff and the citizenship and residence as recited by him are:

Plaintiff

Michael M. Kearney, a citizen and resident of Florida

Defendants

R. Stanley Dollar, a citizen and resident of California

H. M. Lorber, a citizen and resident of California

Dollar Steamship Line, a corporation of California and citizen and resident of California

Robert Dollar Company, a corporation of California and citizen and resident of California

American President Lines, Inc., Ltd., a corporation of Delaware and citizen and resident of Delaware

Riggs National Bank, as a National Banking Association organized under the laws of the United States and doing business in the District of Columbia

Clinton M. Hester, a resident of the District of Columbia.[1]

The action in the Court of Chancery of the State of Delaware allegedly is brought pursuant to the provisions of Section 4374 of the Revised Code of Delaware 1935, being Section 8 of Chapter 117 (10 Del.C. §§ 365, 366). In the State Court of Chancery the writ of summons was returned "non sunt inventi" as to all the nonresident defendants and was served only on American President Lines, Inc., Ltd. Pursuant to a motion, an order of service by publication was made which publication was had and copies sent to nonresident defendants.

A petition for removal of the cause pursuant to 28 U.S.C. § 1446 was filed October 17, 1952, by R. Stanley Dollar, H. M. Lorber, Dollar Associates, Inc. and Robert Dollar Co. The petition asserts that Dollar Steamship Line, a corporation of California, named as a defendant in the complaint, on August 28, 1952, merged into Dollar Associates, Inc. and thereafter its separate existence ceased and Dollar Associates, Inc., succeeded to all the rights and properties of Dollar Steamship Line.

From the foregoing it appears that all the defendants in the complaint joined in the petition for removal except American President Lines, Inc., Ltd., a Delaware corporation, Riggs National Bank, a corporation of the United States doing business in the District of Columbia, and Clinton M. Hester.

No question has been raised as to the noninclusion of Hester in the removal proceedings as an interested defendant under any rule requiring that interested defendants be treated collectively.

The plaintiff made a motion to remand the case, but the removing defendants contend that by his actions the plaintiff has waived his right to remand. This matter

1. In the petition for removal it is alleged that Hester is a resident and citizen of the State of Virginia.

should be considered preliminarily because if the right to remand has been waived, then there is no reason to consider the merits of the motion to remand itself or the propriety of the removal of the case to this court.

 It is well established that in a case where the original jurisdiction of a District Court is unexceptional and a case could have been instituted either in a State Court or in a District Court, but is brought in a State Court and removed into a District Court, the plaintiff may waive his right to remand. Lopata. v. Handler, 10 Cir., 121 F.2d 938, and cases there cited. The defendants cite as cases sustaining the waiver of the right to remand In re Moore, 209 U.S. 490, 28 S.Ct. 706, 52 L.Ed. 904; Mellon v. International Shoe Co., D.C., 32 F.2d 390; Clark v. Southern Pacific Co., C.C., 175 F. 122, to which may be added Philadelphia & Boston Face Brick Co. v. Warford, C.C., 123 F. 843. In all of these cases it was held that the plaintiffs had accepted and adopted the jurisdiction of the District Courts and had waived their rights to remand. In Re Moore the plaintiff, prior to a motion to remand, had filed an amended petition and agreed to continuances of trial in the District Court; in the Clark case, prior to a motion to remand, the plaintiff had filed interrogatories and given notice of their intended use for trial in the Federal Court; in the Philadelphia & Boston case the plaintiff waited for a year after a general appearance and after a motion to amend before making any motion to remand; in the Mellon case the plaintiff waited two and one-half months before moving to remand and then ordered the Clerk to put the case on the trial list of the District Court.

The defendants, removants, cite three incidents as sustaining the plaintiff's waiver of right to remand: (1) that he applied after removal to the District Court for an injunction; (2) that he moved for a decree pro confesso against one nonremoving defendant who had not appeared according to an order of the Chancellor prior to removal; and (3) that he has filed certain interrogatories.

 I am of the opinion that no act of the plaintiff has operated as his acceptance

of the jurisdiction of this Court and as a waiver of his motion to remand. Within 48 hours after removal he moved to remand and has continuously pressed the motion for hearing. The motion for injunction, afterwards withdrawn, was merely to preserve the matter in controversy and the interrogatories were filed after the argument of the motion to remand and while the matter was being considered by the court.

The motion to remand itself brings into sharp focus the right of removal and the character of the parties as bearing upon the right of removal.

28 U.S.C. § 1441(a) provides generally that "any civil action" brought in the State Court of which the District Courts of the United States would have original jurisdiction may be removed to the appropriate District Court. Concededly, the District Court of the United States for the District of Delaware would have had original jurisdiction of the cause of action set out in the complaint and the plaintiff could have brought his case originally either in the State Court or in the District Court of the United States for the District of Delaware. While the plaintiff contends that the case as brought by him in the State Court was peculiarly and solely within the jurisdiction of the Delaware Chancery Court by reason of Sec. 4374, and as such is not subject to removal, yet the plaintiff concedes that his cause of action was cognizable in the District Court which would then have operated by virtue of 28 U.S.C. § 1655 in obtaining jurisdiction of the nonresident defendants.

28 U.S.C. § 1441(b) provides that any civil action of which the District Court has original jurisdiction shall be removable without regard to the citizenship or residence of the parties where the action is founded on a claim or right arising under the Constitution, treaties or laws of the United States. The present cause of action is not covered by the preceding clause.

28 U.S.C. § 1441(b) continues and provides, in the second sentence, "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the

State in which such action is brought." It is around this provision that the difficulties cluster.[2]

American President Lines, Inc., Ltd., is a named defendant and is a corporation of and resident of the State of Delaware. The plaintiff contends that such company is a party in interest properly joined and served and consequently that such suit is not removable.

Since the removal of the case from the State Court to this Court, the American President Lines, Inc., Ltd., has filed an answer in which such company alleges that it "has no corporate interest in the subject matter of the controversy referred to in the complaint and hereby disclaims any corporate interest in the controversy."

It must be conceded that the joinder of formal, nominal or unnecessary parties in the proceedings in the State Court has no effect upon the jurisdiction of the Federal Court in removal or remand proceedings where such jurisdiction otherwise attaches.[3]

The defendants contend that since the American President Lines, Inc., Ltd., has no corporate interest in the controversy and is merely the corporation, the ownership of whose stock is in controversy between the parties, then such corporation is not a necessary party to the action in the State Court. For this the defendants cite the cases listed in the footnote [4] which seem to sustain that general principle of law.

The plaintiff seeking a remand cites and relies on Crump v. Thurber, 115 U.S. 56, 5 S.Ct. 1154, 29 L.Ed. 328; St. Louis & S. F. Ry. Co. v. Wilson, 114 U.S. 60, 5 S. Ct. 738, 29 L.Ed. 66; and Patterson v. Farmington St. Ry. Co., C.C., 111 F. 262.[5]

The case of Crump v. Thurber is of much importance in this case and is strongly relied upon by the plaintiff and indeed, without it the present motion would require little consideration. The case is imperfectly reported and the reasons underlying the opinion are difficult to understand. The inadequacy of the report was partly responsible for this Court's falling into an

2. It will be noted that the language of the removal statute, 28 U.S.C. § 1441(b), is new and first appeared in the Revision of 1948. By that section a case is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." By that section the "interest" of a party is first mentioned as a statutory matter; theretofore the only statutory requirement was as to residence. Under older acts parties were at times joined to prevent removal and it had been determined that only necessary or indispensable parties were to be considered. The new statute of 1948 writes the decisional law into the statute and makes a "party in interest properly joined and served" a controlling condition concerning removal. There is no indication that the change is to be considered other than a pruning of the language and continuation of existing law or that "party in interest properly joined and served" means other than an "indispensable party." See Moore's "Commentary on the U. S. Judicial Code," pp. 225, 232.

3. Salem Trust Co. v. Manufacturers Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628; Hann v. City of Clinton, 10 Cir., 131 F.2d 978, 981.

4. Salem Trust Co. v. Manufacturers Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628; Hann v. City of Clinton, 10 Cir., 131 F.2d 978, 981; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Leadman v. Fidelity & Casualty Co. of N. Y., D.C., 92 F.Supp. 782; Higgins v. Baltimore & Ohio R. Co., C.C., 99 F. 640; Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390; Lucas v. Milliken, C.C., 139 F. 816.

Where the object of the suit is to determine ownership of stock, see, in addition to above, King v. Barnes, 109 N.Y. 267, 16 N.E. 332; Perkins v. Benguet Consol. Mining Co., 55 Cal.App.2d 720, 132 P.2d 70; Doremus v. National Cotton Imp. Co., 39 App.D.C. 295; 13 Fletcher on Cor. Sec. 5936; Cook on Corporations (1923 Ed.) Sec. 338; 18 C.J.S., Corporations, § 533, p. 1220.

5. It will be noted that in St. Louis & S. F. Ry. Co. v. Wilson the action was purely to enforce recordation of a certificate of stock of which the plaintiff held title by an execution sale. In Crump v. Thurber, like the case at bar, the plaintiff had no legal title and the suit was to establish such title.

error in a preliminary opinion in considering it as a binding authority on this Court, which opinion is now corrected.

In the cited case Crump, a resident of Kentucky, filed a petition in equity in a Kentucky State Court against one Wilson, a resident of New York and against Southern Dairy Corporation, a Kentucky corporation. The petition alleged a contract between Wilson and Crump concerning services in connection with the sale of certain patent rights owned by Wilson and by which contract Crump was to be paid for his services; it recited a sale of the rights to Southern Dairy Co. for which the Dairy Co. gave 1,000 shares of its stock to Wilson, a part of which he had sold, but refused to give Crump either money or stock. The petition alleged a large amount of stock remained on the books of Southern Dairy Co. in the name of Wilson. The petition prayed that Crump be adjudged to own 300 shares of that stock and that the corporation be ordered to cancel on its books 300 shares of stock in the name of Wilson and issue certificates to Crump for 300 shares. The corporation was served with process. The petition was then amended to state that not less than 250 shares of stock still stood in the name of Wilson and that process was served on the corporation. The corporation answered saying the 250 shares still remained in the name of Wilson but before the suit was brought the stock had been sold by Wilson to one Thurber who received the endorsed certificates and demanded their registration. Crump replied to the answer of the corporation and filed an amended petition making Thurber a party and praying the same relief. Wilson and Thurber were each *served personally with process in New York*. Thurber, in accordance with the then procedure, then went into the State Court of Kentucky and removed the case to the Circuit Court of the United States as if the suit had been solely on a separable controversy between Crump, a citizen of Kentucky, and Thurber, a citizen of New York. No mention was made in the removal of either Wilson or the corporation, and Wilson had never appeared or answered in either court. In the Circuit Court after further pleading and additional litigation Thurber prevailed and Crump appealed to the Supreme Court. An assigned error was the lack of jurisdiction of the Circuit Court under Sec. 2 of the Act of March 3, 1875, 18 Stat. 470, and that the case should have been remanded to the State Court. Of this opinion was the Supreme Court.

The Supreme Court held that Crump had instituted the action in the State Court as one between himself on one side and Wilson and the corporation on the other and that, while a controversy did exist as between Crump and Thurber as to the ownership of the shares, yet to give Crump the full fruition of his remedy his ownership was required to be entered on the books of the company. Thus the company was held by the Supreme Court to be an indispensable party to the original action, thereby preventing the removal.

It has been suggested at the present argument that a statute of Kentucky at the time of Crump v. Thurber and as given in the footnote [6] made transfers of stock on the books of the company a sine qua non of validity and hence required the presence of the corporation to the suit. This suggestion may not be accepted. Judge Barr of the United States Circuit Court for the District of Kentucky, after the removal of Crump v. Thurber, held that such was not the purpose of the statute and such holding was an assigned error.[7] There is no indication that the Supreme Court differed as to this construction. The construction of the statute was finally settled by the Supreme Court of Kentucky in Crump v. Thurber in its later and final

6. "Transfers of stock shall not be valid, except as between the parties thereto, until the same are regularly entered upon the books of the company, so as to show the name of the person by whom and to whom the transfer is made, the numbers or other designation of the shares, and the date of the transfer." General Statutes of Kentucky 1883, Chapter 56, Section 11.

7. See Record in appeal of Crump v. Thurber, 115 U.S. 56, 5 S.Ct. 1154, 29 L.Ed. 328.

stage (1887) and reported as Thurber v. Crump in 86 Ky. 408, 6 S.W. 145. There it was held that the assignment from Wilson to Thurber was valid without recordation on the books of the company and that the cited statute was merely for the protection of the corporation and not for creditors or claimants. See also Banco-Kentucky Co. v. Weil, 258 Ky. 243, 79 S.W. 2d 977; York's Ancillary Adm'r v. Bromley, 286 Ky. 533, 151 S.W.2d 28, 32.

In Williamson v. Krohn, 6 Cir., 66 F. 655, 661, it was held that Crump v. Thurber was not an authority for the general proposition that a corporation is a necessary party to a suit between two other parties contending for ownership of its issued stock. In the Williamson case it was held that the true reasoning of Crump v. Thurber lay in the fact that the corporation was the only party personally served with process and that service on Wilson in New York was by publication only and that no personal decree could be entered except as to the corporation and hence it was an indispensable party.[8]

If, then, Crump v. Thurber is not to be considered as holding that a corporation having no interest in the controversy is an indispensable party to a suit between two other parties contending for ownership of its issued stock and as contrary to the general rule, then I must assume either that the Supreme Court viewed the case as not a contest to establish the claim and title to the stock, but largely for the recordation of such ownership, or that it found no statute or other authority existant at the time in Kentucky authorizing the State Court, under the existing circumstances, to enter a judgment quasi in rem on substituted service on Wilson, or any proper statutory or other authority to carry such judgment into effect. I am referred to no such authority and such examination as I have been able to make has disclosed none.[9] The lack of any ability in the State Court to enter any personal judgment against Wilson in default of personal service and the lack of authority to enter and enforce any judgment quasi in rem on substituted service may have been the reason for holding the corporation on whom personal service had been had to be an indispensable party. The Supreme Court must have held that if the corporation was a necessary party in order to give jurisdiction to the Circuit Court, then it must have been such an indispensable party as would prevent the original removal.

It is at this point that any similarity between Crump v. Thurber and the instant case disappears. The present action was brought in the Delaware Court of Chancery against nonresident defendants to establish title to or a lien upon certain shares of stock of a Delaware corporation, the situs of which for the purpose is in Delaware. It was thus an action quasi in rem and, pursuant to Sec. 4374, Revised Code of Delaware 1935, constructive service was had on all nonresident parties. Upon such service the Delaware Court could render its judgment quasi in rem as affecting the ownership of the stock involved. That was the very purpose of the suit and the result the present plaintiff seeks to obtain by the present motion to remand.

If the plaintiff in such a case as this should prevail in the Delaware Court and establish his right to the stock in question, then the Delaware statutes, decisions, and

8. Judge Barr in his Circuit Court opinion says expressly that because of lack of personal service on Wilson no personal judgment could be entered against Wilson. Judge Barr viewed his jurisdiction complete by the personal appearance of Thurber, Thurber's presentation in court of the stock certificates, the substituted service on Wilson and the presence of the corporation.

9. That, in Kentucky, some early statutory provision was made for constructive or substituted service on non-resident defendants is inferred from Lewis v. Hancock, Sneed, Ky.Dec. 151; the statutory proceedings employed in making substituted service on Wilson in Crump v. Thurber seems to have been Kentucky Code of Civil Practice 1876, Secs. 57-60. I am referred to no statute in force at the time in Kentucky carrying into effect a judgment quasi in rem except with relation to real estate and found in Kentucky Code of Civil Practice 1876, Secs. 394, 779, 781.

744

Rules of Court seem to furnish complete and adequate remedies for the fruition of the process so as to make the corporation itself neither a necessary nor an indispensable party. The available remedies are listed in the footnote.[10]

Indeed, the only connection that the corporation in this case has with the controversy between the parties as to the ownership of the shares is shown by the prayer that the corporation be enjoined from transferring the shares upon its books to any person other than the parties to the suit without leave of the court. In Banco-Kentucky Co. v. Weil, 258 Ky. 243, 79 S.W. 2d 977, this precise question was considered and it was held that such prayer was entirely disconnected with the relief sought, viz., the ownership of the shares themselves.

■ At an earlier stage of this case this court was of the opinion that Crump v. Thurber was a controlling authority in this case requiring a remand. Upon reconsideration that is not my view and I am of the opinion that the remand must be refused. I reach this conclusion the more readily since, if I be in error, then the question of this court's jurisdiction may be reviewed at a later stage of this case, whereas if a remand was now required the correctness of that conclusion would seem

10. Sec. 4374, Revised Code of Delaware 1935 (10 Del.C. § 365) provides after notice to nonresidents:

"* * * And if the defendant shall not appear, after such publication, according to such order, the Court may order the plaintiff's bill to be taken pro confesso, and may thereupon issue process to compel the performance either by seizure of the real and personal property of such defendant or part thereof, sufficient to satisfy the plaintiff's demand, or by causing possession of the estate, or effects, demanded by the bill, to be delivered to the plaintiff, or otherwise, as the case requires. And the Court may also order the plaintiff to be paid his demand out of any property so seized, upon his giving approved security, in a sufficient sum, to abide any order of the Court for the restitution thereof upon the defendant's appearing to defend the suit, and paying such costs as the Court shall order. If such security be not given, the property seized, or whereof possession shall be decreed to be delivered, shall remain under the direction of the Court in the hands of a receiver or otherwise, until the defendant's appearance, or until such order shall be made therein as the Court shall think just. * * *"

Sec. 4384, Revised Code of Delaware 1935, 10 Del.C. § 373, provides:

"In all cases where the Court of Chancery shall decree the execution of any conveyance, assignment, release, acquittance or other instrument and the party against whom the decree is made shall not comply therewith within the time mentioned in said Decree, the Court shall have power to appoint a Master for such purpose; and such conveyance, assignment, release, acquittance or other instrument when executed by such Master and approved by the Chancellor shall be as valid and effectual as if done by the party required by said Decree to make the same. Any such instrument shall be recorded by the Master if it shall be necessary."

Rule 70 of the Court of Chancery of the State of Delaware provides:

"If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the Register shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the jurisdiction of the court, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the Register in Chancery. * * *"

In Perrine v. Pennroad Corporation, 19 Del.Ch. 368, 380-381, 168 A. 196, the power of the Delaware Court of Chancery to effectuate a decree quasi in rem is fully considered and sustained.

to be final and would not be subject to any review.[11]

The corporation whose issued stock is being litigated and which has no corporate interest in the controversy may be a proper party to the suit. If the corporation had not been a party at all to the suit as filed, the ownership of its stock could have been litigated and full fruition given to any decree concerning that ownership. Having no corporate interest in the controversy, which controversy can be determined without contravening any rights of the corporation, then such corporation cannot be a necessary or indispensable party and cannot be such a "party in interest" whose presence or absence would affect a removal.

The remand is denied and an appropriate order may be submitted.

11. 28 U.S.C. § 1447 provides, by Par. (c): "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. * * *"

Subsec. (d) provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.".