**324**

Satyendranath DAS, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. C–91–20623–WAI.

United States District Court, N.D. California.

May 18, 1992.

Satyendranath Das, in pro per.

William T. McGivern, U.S. Atty., Stephen L. Schirle, Chief, Civ. Div., Paul Solon, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

INGRAM, District Judge.

The plaintiff seeks judicial review pursuant to § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), of a final decision of the Secretary of Health and Human Services ("Secretary") finding that plaintiff's social security retirement insurance benefits were properly reduced pursuant to § 215(a)(7) of the Act, 42 U.S.C. § 415(a)(7), due to his receipt of a civil service pension on wages not covered by Social Security.

Upon consideration of all the papers submitted, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.

## I. BACKGROUND

### A. *Factual*

Plaintiff was born in India on February 1, 1926 (Tr. 107), and was employed by the Federal Communications Commission as an electronics engineer for a period of eight years and nine months from 1975 through 1983 (Tr. 270). As a result of this employment, plaintiff became eligible to receive a monthly civil service retirement pension, effective February 1, 1988 (*See* Tr. 53–54). The plaintiff also had earnings covered by the social security system from 1962 through 1975 and from 1980 through 1989 (Tr. 276).

### B. *Procedural*

Plaintiff filed his original application for social security retirement insurance benefits on January 11, 1988 (Tr. 35–38), and supplemented the application on February 16, 1988 (Tr. 65–68). On July 7, 1988, the Social Security Administration ("SSA") notified plaintiff that he was entitled to social security benefits but that the benefit amount was subject to reduction because he also was entitled to receive an annuity based on employment not covered by social security (Tr. 153–54). An administrative law judge ("ALJ") conducted a *de novo* review, and reached the same conclusion in a decision dated April 18, 1989 (Tr. 197–198; *see* Tr. 20). Specifically, the ALJ determined that plaintiff was "not eligible to receive payment on his social security income because he is eligible for a federal civil service pension and he is currently receiving the federal civil service pension and is presently engaged in full-time employment" (Tr. 198). On July 14, 1989, the Appeals Council considered plaintiff's request for review and found no basis for granting review of the ALJ's decision (Tr. 227–228).

On August 31, 1990 and November 5, 1990, the SSA provided plaintiff with de-tailed information explaining the calculation of his monthly social security benefit amounts under the "windfall elimination provision" of the Social Security Act, codified at 42 U.S.C. § 415(a)(7) (Tr. 271–277). By letter dated November 10, 1990, plaintiff requested a *de novo* review of the SSA's benefit calculation by an ALJ and waived his right to appear at an administrative hearing (Tr. 278). The plaintiff objected to the SSA's calculations, contending that the windfall elimination provision had been improperly applied to him and that it was unconstitutional (Tr. 23–24). In a decision dated January 25, 1991, the ALJ concluded that the SSA had properly applied the windfall elimination provision of the Act in calculating plaintiff's benefits (Tr. 18–22). The Appeals Council rejected plaintiff's request for review on July 22, 1991 (Tr. 3–5), and the ALJ's decision became the final decision of the Secretary.

## II. STANDARD OF REVIEW

Review under section 205(g) of the Act, 42 U.S.C. § 405(g), requires the court to examine the whole record to see whether the Secretary's decision is supported by "substantial evidence" or whether there was any legal error by the Secretary in rendering the decision. *Gamer v. Secretary of Health and Human Services*, 815 F.2d 1275, 1278 (9th Cir.1987); *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. § 405(g); *see Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir.1985). A court cannot set aside the Secretary's determination unless "the Secretary's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984).

## III. DISCUSSION

### A. *Applicability of the Windfall Elimination Provision to Plaintiff*

■ The Windfall Elimination Provision ("WEP"), codified at 42 U.S.C. § 415(a)(7), modifies the standard formula for calculat-

ing monthly social security retirement benefits. The provision applies where a wage earner with earnings covered by the social security system also has "non-covered" earnings, typically from federal and state civil service employment. *See* House Report (Ways and Means Committee) No. 98–25, 98th Cong., 1st Sess., 21–23, *reprinted in* 1983 U.S.Code Cong. & Ad. News 143, 239–240; 20 C.F.R. § 404.213. In order to allow some time for workers to adjust their retirement plans, Congress determined that the provision applies only to individuals who first become "eligible" for a monthly periodic pension based on noncovered employment after 1985. *Id.; see* House Conference Report No. 98–47, 98th Cong., 1st Sess., 121, *reprinted in* 1983 U.S.Code Cong. & Ad. News 411.

The plaintiff contends that he became eligible to receive his federal civil service pension in 1981, prior to the effective date of the WEP (*see* Tr. 211). Plaintiff argues that he is not subject to § 415(a)(7) because the statute applies only to individuals who became eligible after 1985 to receive pensions based on employment not covered by social security. However, the SSA obtained undisputed information from the United States Office of Personnel Management which verifies that plaintiff first became eligible for a civil service pension, based on his service with the federal government, on February 1, 1988, the date on which he reached the age of 62. (Tr. 270; *see* Tr. 20, 227). According to 5 U.S.C. §§ 8336, 8338, an employee who separates from federal civil service after 5 years is entitled to an annuity beginning at the age of 62 years. Thus, the Secretary correctly concluded that the WEP was applicable in computing the amount of plaintiff's monthly social security benefits. *Johnson v. Sullivan*, 777 F.Supp. 741, 743 (W.D.Wis.1991).

### B. *Constitutionality of the Windfall Elimination Provision*

■ Plaintiff also claims that 42 U.S.C. § 415(a)(7) violates the Due Process Clause of the Fifth Amendment of the Constitution since it does not afford him "equal opportunity to receive the full social security retirement benefit as received by an individual with only 'covered' employment" (Plaintiff's Motion for Judgment ¶ 12). In the area of social welfare, a statutory classification does not violate due process if it is rationally based and free from invidious discrimination. *E.g. Weinberger v. Salfi*, 422 U.S. 749, 770, 95 S.Ct. 2457, 2469, 45 L.Ed.2d 522 (1975). Where economic and social welfare legislation is grounded in some rational basis, it is well settled that it does not offend due process simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1910). *See also, Metropolis Theatre Co. v. City of Chicago*, 228 U.S. 61, 69–70, 33 S.Ct. 441, 443, 57 L.Ed. 730 (1912) (recognizing that practical problems of government may justify rough, illogical, and unscientific accommodations).

■ The rational purpose behind the enactment of section 415(a)(7) is to eliminate a retirement windfall at the expense of the Social Security Trust Fund to individuals who are eligible to receive pensions based on both covered and noncovered employment. Plaintiff is exactly such an individual. According to the House Ways & Means Committee's report, federal and state civil service pensions, such as the one for which plaintiff is eligible, "are generally designed to take the place both of social security and a private pension plan for workers who remain in noncovered employment throughout their careers." H.R. No. 98–25, 98th Cong., 1st Sess. at 22, *reprinted in* 1983 U.S.Code Cong. & Ad. News at 239. Section 415(a)(7) is reasonably calculated to balance monthly pension benefits which result from a combination of covered and noncovered employment. The statute, enacted in 1983, applies only to individuals who first became eligible for social security and for government pensions after 1985. This provision is not arbitrary, as the plaintiff claims (Plaintiff's Motion for Judgment ¶ 14), but reflects a reasonable congressional determination that individuals who previously anticipated a windfall be given some

time to adjust their retirement plans. Section 415(a)(7) thus satisfies the rational basis test and is consistent with due process.

## IV. CONCLUSION

Based on the foregoing, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.